No. 52,415

State of Kansas, *Appellee,* v. Danny Ray Grantom, *Appellant.*

(625 P.2d 499)

Opinion filed March 25, 1981.

*Michael Quint,* of Heinemann, Quint & Grisell, of Garden City, was on the brief for the appellant.

*Robert T. Stephan,* attorney general, and *Don Vsetecka,* county attorney, were on the brief for the appellee.

The opinion of the court was delivered by

Prager, J.: This is a direct appeal by the defendant, Danny Ray Grantom, from the sentences imposed after the defendant entered pleas of guilty to attempted aggravated escape from custody (K.S.A. 21-3301 and 21-3810), aggravated battery (K.S.A. 21-3414) and aggravated assault against a law enforcement officer (K.S.A. 21-3411). The three offenses arose out of a single transaction—the defendant's attempt to escape from the Finney County jail on November 12, 1979. On that date, the defendant was incarcerated in the county jail awaiting trial on other charges. When the sheriff opened the door to the jail block to deliver the defendant's dinner, the defendant and another inmate charged the sheriff. The defendant was armed with a knife fashioned from a spoon. The sheriff made a fast retreat in order to draw his firearm. After drawing the weapon, the sheriff was able to stop the other inmate and return him to the cell. The sheriff then saw the defendant holding the knife at the throat of the sheriff's wife. The sheriff pointed the gun at the defendant and directed him to drop the knife. The defendant did so, surrendered, and was taken back to the jail cell.

During subsequent proceedings, the defendant was given permission by the court to represent himself with the assistance and advice of appointed counsel. After plea bargaining, defendant pled guilty to the three charges. Before sentence was imposed, the defendant requested a copy of the presentence report. On order of

the court, a copy of the presentence report was made available to defendant's counsel with instructions that the defendant be allowed to read and peruse the report. The defendant declined to read the report because he was not personally given a copy. The trial court then sentenced the defendant from one to five years on the charge of attempted aggravated escape; five to twenty years on the charge of aggravated assault against a law enforcement officer; and five to twenty years on the charge of aggravated battery. The sentences imposed were the maximum sentences provided for each crime and were ordered to run consecutively. The defendant appealed. As his first point on the appeal, the defendant maintains that the trial court erred in failing to provide defendant his own copy of the presentence report, which he contends is required by K.S.A. 1980 Supp. 21-4605. That statute reads as follows:

"**21-4605. Availability of report to defendants and others.** (1) The judge shall make available the presentence report, any report that may be received from the Kansas state diagnostic center or the state security hospital, and other diagnostic reports to the attorney for the state and to the counsel for the defendant when requested by them, or either of them. Except as otherwise provided in this section, all these reports shall be part of the record but shall be sealed and opened only on order of the court.

"(2) If a defendant is committed to the custody of the secretary of corrections all reports under subsection (1) shall be sent to the secretary of corrections and, in accordance with K.S.A. 1978 Supp. 75-5220, to the director of the state correctional institution to which the defendant is conveyed.

"(3) Nothing in this section shall be construed as prohibiting the attorney for the defendant from disclosing the report of the presentence investigation, or other diagnostic reports, to the defendant after receiving court approval to do so."

Defendant argues that, because the statute requires a copy of the report to be made available to defense counsel upon request and because defendant appeared pro se and represented himself at sentencing, he was entitled to his own copy of the report. The right of access to presentence reports is based on statutory and constitutional considerations. The United States Supreme Court has held that a sentence predicated on false information denies the defendant due process of law, *Townsend v. Burke,* 334 U.S. 736, 740-41, 92 L.Ed. 1690, 68 S.Ct. 1252 (1948), and a sentence so rendered requires vacation and remand for resentencing. *United States v. Tucker,* 404 U.S. 443, 447, 30 L.Ed.2d 592, 92 S.Ct. 589 (1972). To meet due process requirements, the sentencing procedure must afford a defendant the opportunity to deny or

explain information considered in determining the appropriate sentence. *Gardner v. Florida,* 430 U.S. 349, 362, 51 L.Ed.2d 393, 97 S.Ct. 1197 (1977); *Williams v. New York,* 337 U.S. 241, 93 L.Ed. 1337, 69 S.Ct. 1079 (1949).

In Kansas, as in other jurisdictions, disclosure of presentence reports is required by statute. See, 21 Am. Jur. 2d, Criminal Law § 583.5, pp. 373-375 (1980 Supp.); Annot., 40 A.L.R.3d 681. The purpose of these statutory enactments is to provide the defendant with a timely opportunity to dispute inaccuracies in the presentence report or other information which is considered in determining the sentence. See *United States v. Leonard,* 589 F.2d 470, 472 (9th Cir. 1979). The extent of the required disclosure depends on a balancing of the State's interest in confidentiality and the defendant's right of access to be able to refute any erroneous information. See, *e.g., Gardner v. Florida,* 430 U.S. at 359, (in capital cases, defendant's interest in reliability of presentence report outweighs State's interest in preserving confidentiality). Thus, disclosure is sufficient if the trial court summarizes the information upon which he relied in determining the sentence, where part of that information was considered confidential and withheld from the copy of the presentence report made available to defendant's counsel. *United States v. Muniz,* 569 F.2d 858 (5th Cir. 1978) (F.R. Cr. P. Rule 32[c] requires disclosure to counsel upon request; summary sufficient where disclosure of confidential report might jeopardize undercover narcotics investigation); accord, *Shelton v. United States,* 497 F.2d 156, 158 (5th Cir. 1974). The requirement that the trial court disclose factors considered in pronouncing sentence is fulfilled when the presentence report is submitted to trial counsel and the defendant was not personally furnished with a copy. *United States v. Green,* 483 F.2d 469, 470 (10th Cir. 1973), *cert. denied* 414 U.S. 1071. The defendant bears the burden of proving that the information was erroneous, and that the court erroneously relied thereon in pronouncing sentence to the prejudice of defendant. See *Shelton v. United States,* 497 F. 2d at 160; *United States v. Calvert,* 523 F.2d 895, 913 (8th Cir. 1975), *cert. denied* 424 U.S. 911 (1976).

Under K.S.A. 1980 Supp. 21-4605, disclosure to counsel upon request is mandated. Disclosure to defendant, however, rests within the trial court's discretion. The statutory language indicates legislative recognition of competing interests involved in

disclosure—the State's interest in confidentiality (informants, for example) and the defendant's interest in contesting erroneous information. In the present case, a copy of the presentence report was given to counsel appointed to assist defendant. Defendant was afforded the opportunity to read its contents and contest any information he believed to be erroneous. Defendant did not avail himself of this opportunity, however, and declined to look at the report when denied his own copy. Defendant was adequately presented with the opportunity to discover the report's content and to challenge its accuracy, fulfilling the disclosure requirement. Additionally, defendant fails to allege any prejudice. He does not claim the report contained any erroneous information, or that the judge unduly relied thereon. Accordingly, the trial court did not abuse its discretion in refusing to provide defendant, personally, with a copy of the presentence report, where defendant otherwise had the means of determining its content and the opportunity to challenge its accuracy.

Defendant's next contention is that the imposition of consecutive sentences for charges arising from a single transaction constituted cruel and unusual punishment under the Eighth Amendment to the United States Constitution and Section 9 of the Bill of Rights of the Kansas Constitution. The defendant acknowledges that this is not the law at the present time. He argues that the adoption of this proposition is appropriate, because of the evolving interpretations of the constitutional prohibitions against cruel and unusual punishment. The constitutional provisions against cruel and unusual punishment are aimed primarily at the kind of punishment imposed rather than its duration. *Cipolla v. State,* 207 Kan. 822, 824, 486 P.2d 1391 (1971). The prescription of maximum penalties is a legislative function and the use of consecutive or cumulative sentencing is authorized by K.S.A. 1980 Supp. 21-4608. Sentences imposed within the statutory framework are to be upheld on appeal absent a showing that the sentence was so arbitrary and unreasonable as to constitute an abuse of judicial discretion. *State v. McDaniel & Owens,* 228 Kan. 172, 183, 612 P.2d 1231 (1980). Likewise, imposition of consecutive sentences for separate offenses arising from a single transaction are also valid when imposed under the authority of and in accordance with applicable statutes. *Davis v. State,* 210 Kan. 709, 714, 504 P.2d 617 (1972). This court has recognized,

however, that a particular sentence may be so excessive as to be cruel and unusual punishment. *State v. McDaniel & Owens,* 228 Kan. at 182-84; *State v. Freeman,* 223 Kan. 362, 367, 574 P.2d 950 (1978).

Here it is undisputed that the sentences imposed were within the statutory limits. We cannot say that the imposition of consecutive sentences in this case was an abuse of the trial court's discretion or so excessive as to constitute cruel and unusual punishment. In imposing consecutive sentences, the trial court pointed out in the record that the crimes were of an extremely serious and dangerous nature. The defendant had a long prior criminal record with prior convictions of theft, automobile theft, burglary, and a number of minor violations. We find no error in the sentences imposed by the district court.

The judgment of the district court is affirmed.