(646 P 2d 1128)
No. 53,174
No. 53,539

STATE OF KANSAS, *Appellee,* v. SYLVESTER WRIGHT, *Appellant.*

Opinion filed
June 17, 1982.

*Robert L. Taylor,* of Hutchinson, for the appellant.

*Philip D. Lunt,* county attorney, and *Robert T. Stephan,* attorney general, for the appellee.

Before MEYER, P.J., ABBOTT and SWINEHART, JJ.

SWINEHART, J.: This is a consolidated appeal of cases numbered 53,174 and 53,539 which arise from the same criminal action. Case No. 53,174 is an appeal by defendant of the trial court's order denying his motion to set aside or vacate the sentence imposed on defendant upon his guilty plea to the charge of attempted indecent liberties with a child in violation of K.S.A. 21-3301 (Weeks) and K.S.A. 21-3503. Case No. 53,539 is an appeal by defendant of the trial court's order denying his motion to set aside judgment of conviction or permit defendant to withdraw his plea of guilty.

Defendant basically raises the following issues on this consolidated appeal: (1) Whether the provisions of K.S.A. 21-4604 regarding presentence investigation reports are mandatory; (2) whether a sentence imposed in violation of 21-4604 is void and illegal; (3) whether the imposition of a sentence in a felony conviction without the benefit of a presentence report, or other such current information made known to the defendant, violates due process of law; and (4) whether the trial court erred in denying defendant's motion to set aside the judgment of conviction or permit defendant to withdraw his plea of guilty.

On November 13, 1980, defendant, a twenty-three-year-old male, entered a plea of guilty to attempted indecent liberties with

a child (Class E felony) after the State reduced the charge from indecent liberties with a child and dismissed a charge of contributing to the misconduct of a child by encouraging the child to become a wayward child. The victim of defendant's attentions is a fifteen-year-old girl. The reduction in the charge was a direct result of plea bargaining between the State, defendant and his attorney. The trial court accepted the plea after determining that it was knowingly and voluntarily made. The trial court then sentenced defendant to the Secretary of Corrections for a sentence of not less than one or more than five years. The trial court further ordered that defendant be taken to the Kansas Reception and Diagnostic Center and a report made within 120 days. It appears from the record that the trial court would have been receptive to modifying the sentence, depending on what the diagnostic report stated. The defendant then allegedly escaped from the custody of the Pratt County Law Enforcement Center on November 21, 1980, and was not returned to custody until February 12, 1981. Therefore, it was impossible for a report to be made on the defendant by the Diagnostic Center within 120 days from the sentencing as originally ordered by the court, and, consequently, the trial court lost its jurisdiction to modify defendant's sentence under the provisions of K.S.A. 21-4603.

A Diagnostic Center report was completed on defendant after the expiration of 120 days, and the report assumed the position that further incarceration of defendant would have no deterrent effect, and probation was indicated.

The conviction of defendant was for a Class E felony. Prior to the sentencing the trial court did not order, nor did it receive, a presentence investigation report as is provided for under the provisions of K.S.A. 21-4604. Nor did the trial court make a finding that adequate and current information was available from a previous presentence investigation report, or other source. The record does indicate, however, that the sentencing judge knew defendant personally. Neither the defendant nor his attorney requested a presentence investigation report, and no objection to the lack of such a report was expressed at the time of sentencing.

On March 4, 1981, defendant, through a new attorney, moved the trial court to set aside the judgment of conviction and permit him to withdraw his plea of guilty because the plea was not knowingly, intelligently and freely made. On April 1, 1981,

defendant moved the trial court for an order setting aside and vacating the sentence because a presentence investigation report was not ordered as is required by K.S.A. 21-4604. At the hearing on these motions, the trial court made the following comments concerning the way it proceeded at the sentencing, and in particular why a presentence investigation report was not ordered:

"THE COURT: The purpose of a pre-sentence investigation and report is to guide the court and assist the court in making information available to him, which is otherwise unknown. Now, in this case, and in this community, Sylvester Wright is, was then, and is well-known to me. Now, for years, and in this case the defendant was in court, I don't know how many times in—enumerable [sic] times, almost. I didn't need a pre-sentence investigation, because I know the defendant personally. I was the setting Judge at the Preliminary Hearing. The transcript reflects that I made reference to the Preliminary Hearing in accepting the plea that it was a—that I had heard it and I asked Mr. Van Blaricum to make a statement concerning the facts. He made a very brief statement, and I asked Mr. Wright if those facts were substantially correct and he said, 'Yes.', and so I knew the facts in this case. I know the defendant personally and I relied upon that in making a determination that a pre-sentence [investigation and report] was not necessary or required. Now, it is true that I did not specifically make the finding that I was relying upon my own knowledge and information, but I don't believe that's an error. Now, with respect to the Diagnostic Center order, which was contained in the Journal Entry. First of all, I want to assure counsel that to my knowledge the only plea bargaining that went on was, went on between counsel and I believe that involved a reduction of the charge. Both the Prosecution and the Defense counsel approached me and wanted me to—wanted to know what my feelings were going to be about sentencing and I advised counsel, at that time, that if there was a plea of guilty entered there would be a sentence, and I presumed from that there was no further plea bargaining done. If there was, I don't know anything about it and I asked the defendant, at the time, he entered his plea if he understood that the plea bargaining was not binding on me and he advised me he did. I remember that his, then attorney, indicated that the defendant was fearful about going to the penitentiary, and he wanted to know if his client could stay in the jail here until it was time for him to be admitted into the Diagnostic Center, and I gave due consideration to that, to the defendant's counsel's request and decided that that would be the thing to do. I was willing to do that much for him and I did it. Now, I'm not here to make a pre-judgment on Case No. 80CR382, so I don't know exactly how to word this, Mr. Taylor, but by the time the Journal Entry was drawn to take the defendant to the Diagnostic Center, the defendant was no longer available to be taken and I don't think he was abducted, but whatever he did, I don't know that much about that, but he was not available to carry out his own request and he was not available to carry out the order of the court, which was done to accomodate [sic] him, and I don't see how he can come into court, now, and complain about that. I'm going to overrule your motion and we'll take up the other matter on the 20th. Is there anything further?"

The trial court subsequently denied both motions and defendant appeals.

K.S.A. 21-4604 provides in part:

"(1) Whenever a defendant is convicted of a misdemeanor, the court before whom the conviction is had may request a presentence investigation by a probation officer. Whenever a defendant is convicted of a felony, the court *shall* require that a presentence investigation be conducted by a probation officer or in accordance with K.S.A. 21-4603, *unless the court finds that adequate and current information is available in a previous presentence investigation report or from other sources.*

"(2) Whenever an investigation is requested, the probation officer shall promptly inquire into the circumstances of the offense; the attitude of the complainant or victim, and of the victim's immediate family, where possible, in cases of homicide; and the criminal record, social history, and present condition of the defendant. Except where specifically prohibited by law, all local governmental and state agencies shall furnish to the officer conducting the presentence investigation such records as such officer may request. If ordered by the court, the presentence investigation shall include a physical and mental examination of the defendant." (Emphasis supplied.)

The first question presented to this court is whether the provisions of 21-4604 are mandatory. In 1978 the legislature amended 21-4604 to make a presentence investigation report or its equivalent mandatory in felony convictions. Prior to this change, K.S.A. 21-4604 (Weeks) read in part: "Whenever a defendant is convicted of a crime or offense, the court before whom the conviction is had *may* request a presentence investigation by a probation officer." (Emphasis supplied.)

Two recent Kansas cases have indirectly stated that the provisions of 21-4604 are mandatory. In *State v. Lovelace,* 227 Kan. 348, 355, 607 P.2d 49 (1980), the court stated:

"Appellant complains because the trial court failed to request and receive a more recent presentence report. K.S.A. 1979 Supp. 21-4604(1) provides in part:

. . . . .

"The above law became effective January 1, 1979. Appellant was sentenced February 6, 1979. It appears from the record that appellant had been found guilty of a sex crime seven months earlier. At that time a presentence report had been filed. The exception in the *mandatory* presentence report statute was effective at the time of the sentencing and the court was not required to obtain a second report under such circumstances. Fairly current information was available in the previous report and no error occurred." (Emphasis supplied.)

In *Burden v. State,* 225 Kan. 549, 554-55, 592 P.2d 451 (1979), the court stated:

"Under our present statutory requirements (K.S.A. 1978 Supp. 21-4604) a presentence report *must* be obtained in every case where a defendant is convicted

of a felony. It is necessary in every case to obtain a conviction or a plea of guilty before the sentencing judge can obtain by presentence report the necessary information to determine a proper sentence." (Emphasis supplied.)

It is clear from the above authorities that the provisions of 21-4604 are mandatory. The statute, however, does not require a presentence investigation report in every felony conviction. It contains an important exclusion: "unless the court finds that adequate and current information is available in a previous presentence investigation report *or from other sources.*" (Emphasis supplied.) The sentencing judge in the present case used his personal knowledge of the defendant in sentencing him, finding that since he knew the defendant personally, a presentence investigation report was not needed or required.

The decision this court must make is whether a trial judge's personal knowledge of a defendant is an acceptable substitute for a presentence investigation report in accordance with K.S.A. 21-4604. One reason defendant offers as to why the use of a sentencing judge's personal knowledge is not an acceptable substitute for a presentence investigation report in the present case is that the information used by the court in its sentencing was not disclosed to the defendant or to his attorney. K.S.A. 21-4605 provides in part:

"(1) The judge shall make available the presentence report, any report that may be received from the Kansas state diagnostic center or the state security hospital, and other diagnostic reports to the attorney for the state and to the counsel for the defendant *when requested by them, or either of them.* Except as otherwise provided in this section, all these reports shall be part of the record but shall be sealed and opened only on order of the court." (Emphasis supplied.)

In *State v. Grantom,* 229 Kan. 517, 625 P.2d 499 (1981), the court was presented with the issue of whether a trial court was required to provide a defendant, personally, with a copy of a presentence investigation report when a report had been provided to the defendant's appointed counsel and made available to the defendant. The court held that no error existed based on the following analysis:

"Defendant argues that, because the statute requires a copy of the report to be made available to defense counsel upon request and because defendant appeared pro se and represented himself at sentencing, he was entitled to his own copy of the report. The right of access to presentence reports is based on statutory and constitutional considerations. The United States Supreme Court has held that a sentence predicated on false information denies the defendant due process of law,

*Townsend v. Burke,* 334 U.S. 736, 740-41, 92 L.Ed. 1690, 68 S.Ct. 1252 (1948), and a sentence so rendered requires vacation and remand for resentencing. *United States v. Tucker,* 404 U.S. 443, 447, 30 L.Ed.2d 592, 92 S.Ct. 589 (1972). To meet due process requirements, the sentencing procedure must afford a defendant the opportunity to deny or explain information considered in determining the appropriate sentence. *Gardner v. Florida,* 430 U.S. 349, 362, 51 L.Ed.2d 393, 97 S.Ct. 1197 (1977); *Williams v. New York,* 337 U.S. 241, 93 L.Ed. 1337, 69 S.Ct. 1079 (1949).

"In Kansas, as in other jurisdictions, disclosure of presentence reports is required by statute. See, 21 Am. Jur. 2d, Criminal Law § 583.5, pp. 373-375 (1980 Supp.); Annot., 40 A.L.R.3d 681. The purpose of these statutory enactments is to provide the defendant with a timely opportunity to dispute inaccuracies in the presentence report or other information which is considered in determining the sentence. See *United States v. Leonard,* 589 F.2d 470, 472 (9th Cir. 1979). . . . The requirement that the trial court disclose factors considered in pronouncing sentence is fulfilled when the presentence report is submitted to trial counsel and the defendant was not personally furnished with a copy. *United States v. Green,* 483 F.2d 469, 470 (10th Cir. 1973), *cert. denied* 414 U.S. 1071. The defendant bears the burden of proving that the information was erroneous, and that the court erroneously relied thereon in pronouncing sentence to the prejudice of defendant. See *Shelton v. United States,* 497 F.2d [156] at 160 [5th Cir. 1974]; *United States v. Calvert,* 523 F.2d 895, 913 (8th Cir. 1975), *cert. denied* 424 U.S. 911 (1976).

"Under K.S.A. 1980 Supp. 21-4605, disclosure to counsel upon request is mandated. Disclosure to defendant, however, rests within the trial court's discretion." (pp. 518-19.)

The record in the present case clearly shows that defendant did not request the sentencing judge to disclose what information he was using as a substitute for a presentence investigation report. We therefore find that the defendant has waived his right to object on the basis of nondisclosure since K.S.A. 21-4605 unambiguously states that a court is required to make such a disclosure only "when requested."

Even though we recognize the importance of the presentence investigation report as required by K.S.A. 21-4604, or a definite and explicit finding that the court is using the exception to ordering a new presentence investigation report by utilizing information from another source, we fail to see under the facts in this particular case evidence of prejudice to the defendant. The record clearly shows that the parties knowingly and voluntarily approved of the sentencing procedure at the time of sentencing. We find that the information used by the sentencing judge as a substitute for a presentence investigation report was acceptable under the facts of this case.

Defendant's final contention is that the trial court erred in denying his motion to set aside judgment of conviction or permit defendant to withdraw his plea of guilty. Defendant moved the trial court to allow him to withdraw his plea of guilty pursuant to K.S.A. 22-3210(7) which provides:

"(7) A plea of guilty or *nolo contendere,* for good cause shown and within the discretion of the court, may be withdrawn at any time before sentence is adjudged. To correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea."

A review of the record reveals that the plea of guilty was accepted with all of the procedural safeguards outlined in K.S.A. 22-3210. The trial court addressed the defendant personally and determined that the plea was made voluntarily and with an understanding of the consequences of the plea. The trial judge was present at the preliminary hearing and therefore was satisfied that there was a factual basis for the plea and defendant was informed that the trial court would not be bound by any plea bargaining which may have taken place between the State and defendant. Since the facts do not indicate that a manifest injustice existed, we find that the trial court did not abuse its discretion by overruling defendant's motion to withdraw his plea of guilty.

Affirmed.