(701 P.2d 969)

No. 57,499

STATE OF KANSAS, *Appellee,* v. TIMOTHY SNYDER, *Appellant.*

Opinion filed June 20, 1985.

*Ralph J. De Zago,* of Junction City, for appellant.

*John McNish,* assistant county attorney, and *Robert T. Stephan,* attorney general, for appellee.

Before FOTH, C.J., PARKS and MEYER, JJ.

MEYER, J.: Defendant Timothy Snyder was originally charged

with three counts of indecent liberties with a minor in violation of K.S.A. 1984 Supp. 21-3503, each a class C felony. The complaint alleged that the defendant had engaged in sexual intercourse with a child under the age of 16.

On October 17, 1983, the State presented evidence at the preliminary examination. After reviewing the evidence, Judge Davis of the Dickinson County District Court bound the defendant over for arraignment on counts I and II, but dismissed count III. On November 4, 1983, defendant appeared before Judge Christner and entered pleas of not guilty. On January 9, 1984, Judge Christner granted the State's motion to endorse an additional witness who, the State alleged, would testify that the defendant had contacted him in an attempt to fabricate an alibi. On January 15, 1984, the defendant wrote a letter to Judge Christner asking that the judge recuse himself from defendant's case for bias and religious prejudice against the defendant.

On January 19, 1984, immediately prior to the commencement of defendant's trial, the parties to this action announced to the court that as a result of negotiations, the defendant agreed to plead guilty to one count of attempted aggravated interference with parental custody in violation of K.S.A. 21-3422a, a class E felony. Both counsel stipulated that a factual basis existed for the plea. Judge Christner then questioned the defendant in detail concerning the voluntariness of his plea and thereafter accepted defendant's guilty plea.

On February 22, 1984, the defendant, through new counsel, filed a motion of bias against Judge Christner. On April 6, 1984, Administrative Judge William Clement heard the motion of bias, excused Judge Christner from hearing the matter, and assigned Associate District Judge Melvin Gradert to the case.

For purposes of clarity, Judge Davis bound defendant over for arraignment, Judge Christner accepted defendant's guilty plea, and Judge Gradert was in charge of defendant's case after Judge Christner was excused.

On May 8, 1984, defendant filed a motion to set aside his guilty plea, alleging that his plea was coerced and therefore involuntary, and that no factual basis existed for the plea. On June 5, 1984, Judge Gradert heard and then denied defendant's motion to withdraw his guilty plea. The court then sentenced the defendant and granted him immediate bench probation. Thereaf-

ter, the defendant filed a motion for reconsideration, which included defendant's request for an evidentiary hearing and defendant's allegation of newly discovered evidence concerning Judge Christner's bias. Judge Gradert subsequently denied the motion to reconsider, finding that defendant's plea was voluntarily given and that no newly discovered evidence had been presented.

Defendant appeals from Judge Gradert's refusal to allow defendant to withdraw his plea. Defendant contends he should have been allowed to withdraw his guilty plea because it was entered before a judge who was biased, was entered without a factual basis to support the plea, was entered without his being provided a copy of the information, and because he had been denied the opportunity of an additional evidentiary hearing at which to present evidence he believed was "newly discovered." Thus, to review Judge Gradert's ruling on defendant's motion to withdraw his guilty plea, it is incumbent upon this Court to examine the acceptance of defendant's guilty plea and to determine its validity.

Defendant first argues that he pleaded guilty because of his belief that Judge Christner and the jury before whom his case was to be tried were biased. Defendant asserts that his plea, motivated by his fear of an unfair trial, was therefore coerced and involuntary.

K.S.A. 1984 Supp. 22-3210(d) provides:

"A plea of guilty or *nolo contendere,* for good cause shown and within the discretion of the court, may be withdrawn at any time before sentence is adjudged."

It is well established that a plea of guilty must be made voluntarily and must not be induced by fear. See K.S.A. 1984 Supp. 22-3210(a)(3); 21 Am. Jur. 2d, Criminal Law § 470. However, "mistaken subjective impressions, in the absence of substantial objective proof showing that they were reasonably justified, do not provide sufficient grounds upon which to vacate a guilty plea." *People v. Smithey,* 120 Ill. App. 3d 26, 33, 458 N.E.2d 87 (1983).

In the present case, defendant expressed his fear of bias at the time of his plea by a letter written by him asking Judge Christner to recuse himself from the defendant's case. This letter states no more than defendant's belief that Judge Christner was predis-

posed against defendant's religion and that Judge Christner's sister-in-law was employed by the Kansas Department of Social and Rehabilitation Services, whose files and memoranda would be involved in defendant's case. We conclude that this letter, when examined in light of other facts revealed in the record, provides little, if any, support for defendant's claim.

Defendant had known since at least November 4, 1983, that Judge Christner was to preside at his trial. On that date, the defendant appeared in person before Judge Christner for arraignment. Defendant's letter to Judge Christner was not written until January 15, 1984. Defendant's allegations of bias do not focus upon incidents occurring between those two dates, but upon events happening prior to his arraignment. The fact that defendant's letter was written several months *after* he became aware that he was to be tried in Judge Christner's court makes defendant's claim of fear of bias less credible.

In addition, defendant's letter was not written until after the court granted the State's motion to endorse an additional witness. That witness would allegedly testify that the defendant contacted him in an attempt to fabricate an alibi. Defendant's letter, written six days after the court granted the State's motion, and written four days before trial, appears motivated more by a desire to delay prosecution than by a fear of the judge's personal bias. Even if based upon the court's motion, it would have shown at most judicial bias.

Under these circumstances, defendant has failed to demonstrate that his guilty plea was induced by his fear of a prejudiced judge. Defendant has shown no abuse of discretion in Judge Gradert's determination that defendant's plea was voluntary.

Defendant next contends that Judge Gradert abused his discretion in refusing to find that defendant's plea of guilty to the charge of aggravated interference with parental custody lacked a factual basis. At the proceedings before Judge Christner on January 19, 1984, defense counsel stated the defendant "would stipulate there is a factual basis" for the plea entered. Judge Christner then proceeded to question defendant concerning the voluntariness of his plea. At no time, however, did the court inquire of the defendant the factual basis for the plea entered. The closest the court came to ascertaining the facts behind the

plea was when the following colloquy between court and defendant occurred:

"THE COURT: Now, you have earlier this morning a few minutes ago heard [the County Attorney] state what he thought the agreement was and . . . your attorney . . . has commented to the Court. Is this the way you understand the agreement to be between yourself and [your attorney] and the County Attorney, the way they have explained it to me?

"[DEFENDANT]: Yes, it's pretty well self explanatory, attempted aggravated interference with parental custody.

"THE COURT: Yes, that's the charge. Now, as to that charge which is an offense in violation of K.S.A. 21-3422a the County Attorney has read into the record the amended charge against you and at this time the Court inquires of you, Mr. Snyder, how do you wish to plead to that amended charge?

"[DEFENDANT]: I will plead guilty to that amended charge."

Thereafter, the court stated:

"THE COURT: All right. The Court will and does accept the plea of the defendant of guilty to the one count, amended charge under 21-3422a known as attempted aggravated interference with parental custody and the Court finds that plea is voluntarily and intelligently given and that a factual basis does exist to establish guilt in this case and the Court hereby finds and adjudges you guilty of the amended count as presently charged in this record."

Thus, although defense counsel stipulated and Judge Christner expressly found that a factual basis existed for the plea, the record includes no other mention of the factual basis for the charge to which defendant pleaded, and it seems obvious to us that Judge Christner based his finding only upon the stipulation of the parties. It is incumbent upon the judge to personally make a finding that a factual basis for the guilty plea in fact exists. K.S.A. 1984 Supp. 22-3210(a)(4) provides:

"(a) Before or during trial a plea of guilty or *nolo contendere* may be accepted when:

. . . . .

"(4) the court is satisfied that there is a factual basis for the plea."

Kansas cases indicate that the "factual basis" requirement may be satisfied by an information given or read to the defendant which sets forth the factual details and essential elements of the particular crime charged (*Widener v. State,* 210 Kan. 234, 239, 499 P.2d 1123 [1972]; see *James v. State,* 220 Kan. 284, 287, 553 P.2d 345 [1976]); by the court's personal interrogation of the defendant at length and in detail concerning the facts of the offense charged (*State v. Dunham,* 213 Kan. 469, 471, 517 P.2d 150 [1972]); by the evidence presented to the court by the prosecutor (see *State v. Calderon,* 233 Kan. 87, 93, 661 P.2d 781

[1983]); or by the court's presence at defendant's preliminary hearing (*State v. Wright,* 7 Kan. App. 2d 631, 637, 646 P.2d 1128 [1982]).

"In establishing a factual basis for the plea the court must establish that all elements of the crime charged are present." *State v. Calderon,* 233 Kan. at 93. To establish the crime of attempted aggravated interference with parental custody under K.S.A. 1984 Supp. 21-3422a, it is true that a factual basis need not be shown as to all the elements of the charge since defendant was charged with an "attempt" and not with the "aggravated interference" itself. However, it was essential that a factual basis be established of at least some essential element of the crime. To establish the charge of aggravated interference with parental custody, it must be proved:

1. That _____ is a child under 14 years of age;
2. That the child was in the lawful custody of _____ as (parent) (guardian) (or other person having lawful charge or custody);
3. That the defendant (took) (carried away) (decoyed or enticed) the child;
4. That this was done with the intent to deprive _____ of the custody of the child; and
5. That the defendant has previously been convicted of interference with parental custody.

or

That the defendant took the child outside the state without the consent of _____ (or the court).

or

That the defendant, after lawfully taking the child outside the state while exercising visitation or custody rights, refuses to return the child at the expiration of these rights.

or

That the defendant (refuses to return) (impedes the return) of the child at the expiration of visitation or custody rights outside the state.

or

That the defendant detained or concealed the child in a place unknown to _____, either inside or outside this state.

6. That this act occurred on or about the _____ day of _____, 19_____, in _____ County, Kansas.

See PIK Crim. 2d 56.26-C. The law relative to criminal attempts has three essential elements: (1) the intent to commit the crime, (2) an overt act toward the perpetration of the crime, and (3) a failure to consummate it. *State v. Cory,* 211 Kan. 528, 532, 506 P.2d 1115 (1973). In the instant case, therefore, at least one of the

above-mentioned elements of the crime must have been established.

The record in the present case fails to disclose a factual basis for defendant's guilty plea to the above charge. The information, which was apparently read but not given to the defendant prior to his plea, does not set forth any details or facts of the crime charged, or any essential elements thereof, but merely charges that the defendant did "unlawfully, willfully and feloniously attempt to commit the crime of aggravated interference with parental custody as defined by K.S.A. 21-3422a but failed in the perpatration [sic] thereof in violation of K.S.A. 21-3301 and K.S.A. 21-3422a the same being a Class E felony." Judge Christner, when questioning the defendant concerning the voluntariness of his plea, made no inquiry into the facts upon which the charge was based. Although the defendant stated that the charge was "pretty well self-explanatory," that statement indicates at most that defendant understood the name of the crime with which he was charged, and not the court's recognition that defendant's conduct actually falls within that charge. Further, the record reveals no evidence presented by the prosecution that would tend to show the defendant enticed or took a child under 14 from another's lawful custody, or that the defendant had previously been convicted of doing so, or that the defendant had taken that child out of the State of Kansas.

The only mention of the underlying facts upon which defendant's charge was based was at defendant's preliminary hearing. Defendant was, at that time, facing charges of indecent liberties, and Judge Davis, not Judge Christner, presided. Moreover, the defendant's preliminary hearing revealed only that a 13-year-old child was present at defendant's farm in Kansas and that the two there engaged in sexual intercourse. Those facts do not form a sufficient basis for the charge to which the defendant pleaded.

The State contends that the parties' stipulation to the factual basis is sufficient to meet the requirements of K.S.A. 1984 Supp. 22-3210(a)(4). That argument ignores the statutory mandate that *the court* satisfy itself that there is a factual basis for the plea.

Thus, although the defendant in the present case did not assert his innocence, it would be unreasonable to say that Judge Christner had ascertained a sufficient factual basis for defendant's guilty plea to the charge of attempted aggravated interference with parental custody. Kansas cases recognize that strict

compliance with K.S.A. 1984 Supp. 22-3210 is not mandatory where the purpose of the rule expressed therein is otherwise served, *James v. State,* 220 Kan. 284, 287, 553 P.2d 345 (1976), but the purpose of the rule is defeated in the present case where no evidence reveals that defendant's conduct falls within the charge to which he pleaded. Under these circumstances, it appears Judge Christner erred in accepting defendant's guilty plea and that Judge Gradert, therefore, abused his discretion in failing to find that defendant's guilty plea was not knowingly made. See *Clinkingbeard v. State,* 6 Kan. App. 2d 716, Syl. ¶ 1, 2, 634 P.2d 159 (1981).

Defendant next complains of Judge Gradert's refusal to grant him an evidentiary hearing in which he could present "newly discovered evidence" of Judge Christner's bias and religious prejudice against him. Defendant allegedly gained this new evidence after Judge Gradert overruled defendant's motion to set aside his guilty plea on June 5, 1984.

The issue properly before Judge Gradert was not whether Judge Christner was prejudiced against the defendant, but whether defendant's guilty plea was motivated by defendant's conviction, grounded upon objective evidence, that Judge Christner was prejudiced against him. In making that determination, only the facts within the defendant's knowledge at the time of defendant's plea were relevant. Defendant's newly discovered evidence of Judge Christner's alleged prejudice surfaced five months after defendant pleaded guilty. That evidence could not have contributed to defendant's motive for pleading guilty. Accordingly, Judge Gradert did not abuse his discretion in failing to grant defendant an evidentiary hearing in which to present his newly discovered evidence.

Defendant's final contention surrounds the State's failure to provide him with a written copy of the information prior to his plea. Normally the State, when confronted with such an argument, could utilize that line of cases holding that where one proceeds to a guilty plea he thereby waives the requirement of a reading of the information. Such line of cases, however, is germane only to situations where the information is, in fact, a proper, or a sufficient, information. Thus, the sufficiency of the information herein must be examined.

The purpose of the information in a criminal case is to advise

the accused and the court of the charges alleged to have been committed and the essential facts constituting the crime charged. *State v. Carpenter,* 228 Kan. 115, 612 P.2d 163 (1980). In a felony action, the information is the jurisdictional instrument upon which the accused stands trial. An information must be stated with enough clarity and detail to inform a defendant of the criminal act with which he is charged. *City of Altamont v. Finkle,* 224 Kan. 221, 579 P.2d 712 (1978). The failure to so inform the defendant denies the defendant procedural due process and violates his right to be informed of the charges against him. K.S.A. 22-3205; Kansas Const. Bill of Rights, § 10; U.S. Const., 6th Amend.; *State v. Daniels,* 223 Kan. 266, 573 P.2d 607 (1977).

The amended information in the instant case stated only as follows:

". . . Timothy Bruce Snyder did then and there unlawfully, willfully and feloniously attempt to commit the crime of aggravated interference with parental custody as defined by K.S.A. 21-3422a but failed in the perpatration [*sic*] thereof in violation of K.S.A. 21-3301 and K.S.A. 21-3422a the same being a Class E felony."

As can be seen, the information provided defendant with no more than the name of the crime with which he was charged. This is insufficient.

Thus, while the information supplied defendant with the name of the crime with which he was charged, and while, had the facts therein been more fully set out, such might have satisfied the statutory and constitutional requirements for an information as well as the "factual basis requirement" discussed above, such is not the case here.

Therefore, because of our conclusion that the trial court failed to determine there was a factual basis for defendant's plea, and because of a total deficiency of the amended information to properly advise him, this case is hereby reversed and remanded with directions to set aside the conviction and sentencing, to allow withdrawal of the guilty plea, and for further proceedings consonant with that action.

Reversed and remanded with directions.