NOT DESIGNATED FOR PUBLICATION

No. 112,626

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JOHN W. ENLOE,
*Appellant*.

MEMORANDUM OPINION

Appeal from Montgomery District Court; FREDERICK WILLIAM CULLINS, judge. Opinion filed January 15, 2016. Affirmed in part, vacated in part, and remanded with directions.

*Michelle A. Davis*, of Kansas Appellate Defender Office, for appellant.

*Natalie Chalmers*, assistant solicitor general, of Office of Kansas Attorney General, for appellee.

Before MCANANY, P.J., POWELL, J., and DAVID J. KING, District Judge, assigned.

POWELL, J.:  John W. Enloe appeals his sentence and the district court's denial of his motion to withdraw his pleas. While we conclude the district court did not abuse its discretion in denying the motion to withdraw his pleas, we find the court wrongly classified his pre-1993 juvenile burglary adjudication as a person felony, resulting in an incorrect criminal history score. Therefore, we affirm Enloe's convictions, but we vacate his sentence and remand for resentencing with the correct criminal history score.

1

The Kansas Bureau of Investigation (KBI) received information in March 2009 that Enloe was involved in the manufacture of methamphetamine. The KBI began a lengthy investigation of Enloe that included installing covert surveillance cameras on and around Enloe's property. On one occasion when members of the KBI went to retrieve film from the camera, they discovered that the camera and other equipment had been removed. They located the camera in a burn pit on Enloe's property. The camera appeared to have been shot several times then burned.

Enloe was arrested in December 2010 and charged with criminal possession of a firearm, criminal damage to property, possession of methamphetamine, possession of drug paraphernalia, and unlawful manufacture of a controlled substance.

Enloe entered into a plea agreement with the State, wherein he agreed to plead no contest to the first three charges in exchange for the last two being dropped. The plea agreement contained detailed information regarding the charges to which Enloe was pleading no contest, the maximum penalty associated with each charge, the factual basis for the charges, and a statement that he was not under the influence of any drugs or alcohol on the day of, or the 7 days preceding, the plea hearing. During the hearing, Enloe reaffirmed to the court that he was not under the influence of any drugs that would impact his ability to enter a plea.

Prior to sentencing, Enloe filed a motion to withdraw his pleas, arguing that the motion should be granted because the district court failed to establish a factual basis for the pleas and because he was under the influence of drugs at the time he entered the pleas. A hearing was held on the motion at which Enloe and his former attorney, John Gillett, testified. Enloe testified that in the days leading up to the plea agreement he became increasingly worried and he used the stress "as an excuse to go back to using

dope, and I stayed high. And most of my time towards the end, I don't even remember my dates in court . . . . I don't remember making any kind of clear, sound decisions. I just don't. I was—I was—I was tripping . . . all the time." Despite this testimony, Enloe also admitted that he maintained in the written plea agreement and orally at the hearing that he was not under the influence of any drugs or alcohol at the time he entered his pleas. Gillett testified that he had known Enloe for a number of years, had seen Enloe when he believed he was under the influence of drugs, and did not believe Enloe was under the influence on the day of the plea hearing. The district court concluded that Enloe failed to show good cause to have the pleas withdrawn and denied Enloe's motion.

At sentencing, Enloe did not object to the presentence investigation report which calculated his criminal history score as B, based on prior convictions. Enloe was sentenced to 50 months in prison.

Enloe timely appeals.

DID THE DISTRICT COURT ERR BY DENYING ENLOE'S MOTION TO WITHDRAW HIS PLEAS?

The decision to allow a defendant to withdraw his or her plea rests within the sound discretion of the district court. See *State v. Aguilar*, 290 Kan. 506, 510, 231 P.3d 563 (2010). On appeal the district court's decision will be reviewed for an abuse of discretion. A judicial action constitutes an abuse of discretion if:  (1) no reasonable person would have taken the view adopted by the trial court; (2) it was based on an error of law; or (3) it was based on an error of fact. *State v. Mosher*, 299 Kan. 1, 3, 319 P.3d 1253 (2014). The first factor of this test can be met by showing that the district court acted in a way that was arbitrary, fanciful, or unreasonable. *State v. Ward*, 292 Kan. 541, 550, 256 P.3d 801 (2011), *cert. denied* 132 S. Ct. 1594 (2012).

K.S.A. 2014 Supp. 22-3210(a) sets out the procedural requirements district courts must follow when accepting pleas of guilty or no contest. The statutory requirements are: The defendant must enter the plea in open court; the court must inform the defendant of the consequences of entering the plea, including maximum penalty he or she faces; the court must address the defendant personally to determine that he or she is making the plea knowingly and voluntarily; and the court must determine if there is a sufficient factual basis to find the defendant guilty of the crime to which he or she is pleading. K.S.A. 2014 Supp. 22-3210(a)(1)–(4).

A defendant may move to withdraw his or her plea "for good cause shown . . . at any time before sentence is adjudged," and it is within the district court's discretion to grant such a request. K.S.A. 2014 Supp. 22-3210(d)(1). In determining whether the defendant has shown good cause, "the trial court should evaluate whether '(1) the defendant was represented by competent counsel, (2) the defendant was misled, coerced, mistreated, or unfairly taken advantage of, and (3) the plea was fairly and understandingly made.'" *State v. Edgar*, 281 Kan. 30, 36, 127 P.3d 986 (2006). Each factor does not need to weigh in a defendant's favor for a court to find good cause to allow the defendant to withdraw his or her plea, and other factors not explicitly incorporated into the *Edgar* test may be considered as necessary to determine whether good cause exists in a given case. *Aguilar*, 290 Kan. at 513.

Enloe cites the third *Edgar* factor as grounds for reversal here, arguing that the district court should have permitted him to withdraw his pleas because they were not knowingly and voluntarily made. Enloe makes three arguments:  (1) The district court failed to inquire of him Enloe regarding the facts of the alleged crimes; (2) the district court failed to establish a factual basis for his pleas; and (3) Enloe was under the influence of drugs and without a clear mind when he entered the pleas.

4

Enloe's first two arguments, to which the State does not respond in its brief to this court, can be condensed into a complaint that the district court failed to sufficiently establish a factual basis for Enloe's pleas. The factual basis for a plea may be established in any one of three ways:

"(1) by a complaint or information given or read to the defendant which sets forth the factual details and essential elements of the particular crime charged; (2) by the prosecutor or defendant's factual statement presented to the court at the plea hearing; or (3) based on the evidence presented at a preliminary hearing at which the same judge presided." *State v. Ebaben*, 294 Kan. 807, 813, 281 P.3d 129 (2012).

In *Ebaben*, the State informed the district court, on the morning Ebaben's trial was set to begin, that it had amended the complaint as part of a plea deal to include just one count of sexual battery. The amended complaint contained only the name of the defendant, the crime charged, the date the crime was committed, and the initials of the victim. At the plea hearing, the district court summarized the amended complaint for the record. The district court then advised Ebaben of the rights he was giving up by pleading guilty and then asked him how he pled to the charge of sexual battery. Ebaben entered his plea; then the judge said, "'I don't need a factual basis from [the State].'" 294 Kan. at 810. Prior to sentencing Ebaben filed a motion to withdraw his plea claiming that it was not freely, knowingly, and voluntarily made because the district court had not established a sufficient factual basis for the plea. The district court denied the motion, finding that Ebaben failed to establish good cause to withdraw the plea.

On appeal, the Kansas Supreme Court conducted a survey of caselaw and determined that the statutory requirement which requires a district court to establish a factual basis prior to accepting a defendant's plea is not satisfied merely by providing a defendant with the complaint or information which fails to include a detailed factual basis for the crime charged. 294 Kan. at 814-16. Where a complaint is used to lay the factual foundation for a plea, less detail may be offset by a defendant's acknowledgment of guilt,

5

such as when he or she acknowledges he or she is pleading because he or she is indeed guilty or explicitly stipulates to the factual basis for the plea. 294 Kan. at 813. In Ebaben's case, the Supreme Court determined the district court failed to sufficiently establish a factual basis for his plea because the factual basis was not established during the plea hearing and there was no evidence that Ebaben had been provided with a complaint that contained a detailed factual basis for the charge prior to the hearing. 294 Kan. at 815-16.

The *Ebaben* court then noted that "failure to strictly comply with K.S.A. 22-3210 may be reversible error *unless* a review of the entire record demonstrates that the plea was knowingly and voluntarily made" and determined that reversal was necessary because "there was no statement of the evidence presented to the district court showing the defendant's conduct fell within the charge to which the defendant pleaded." 294 Kan. at 816.

The facts here are similar to those in *Ebaben*. The plea hearing held in this case was short. After Enloe was sworn in, the court asked him about his educational background then asked:

> "THE COURT: And have you had an adequate opportunity to go over this plea petition with Mr. Gillett?
> "THE DEFENDANT: Yes.
> "THE COURT: Plenty of time to ask him any questions that you might have?
> "THE DEFENDANT: Yes.
> "THE COURT: Do you understand the basic nature of the three charges in the Amended Complaint? Actually—yeah, the three charges in the Amended Complaint, and what the possible penalties are to those three charges?
> "THE DEFENDANT: I do.
> "THE COURT: You do not need the Court to go into any further detail regarding those charges or the penalty; is that correct?
> "THE DEFENDANT: That's correct."

6

The court then discussed the rights Enloe would be giving up by pleading to the charges, inquired whether anything was impacting Enloe's capacity to enter a plea, and asked whether it was still Enloe's desire to plead no contest. Finally, the court asked:

> "THE COURT: Mr. Enloe, how do you [plead] to criminal possession of a firearm, allegedly committed on the 15th day of May 2009, and the 29th day of May 2009, here in Montgomery County, Kansas?
>
> "THE DEFENDANT: I plead no contest.
>
> "THE COURT: And how do you plead to criminal damage to property on those same dates, here in Montgomery County, Kansas?
>
> "THE DEFENDANT: I plead no contest.
>
> "THE COURT: And how do you plead to possessing—unlawful possession of certain drug precursors with the intent to manufacture a controlled substance? How do you plead to that, Mr. Enloe?
>
> "THE DEFENDANT: I plead no contest.
>
> "THE COURT: Based on the information the Court recalls from the Probable Cause Affidavit, the information the Court recalls from the lengthy suppression hearing that we had, the Court will find that there's a factual basis for the plea and find that the plea was knowingly and voluntarily entered into."

Although the district court referenced the suppression hearing as a source of information to establish the factual basis for the pleas, the suppression hearing contained no discussion of facts relevant to the crimes with which Enloe was charged. The suppression hearing addressed whether photographic evidence should have been excluded because it was gathered without a warrant while the police and police equipment were on Enloe's property. Testimony at the hearing revolved around the placement of police and equipment on the property. There was no testimony at the suppression hearing regarding Enloe's possession of a firearm, his criminal damage to property, or his possession of pseudoephedrine, the drug precursor he was charged with possessing.

7

The affidavit in support of the arrest warrant contained a detailed factual account of the evidence gathered against Enloe, including evidence that would support each of the three charges in the amended complaint. However, there is no evidence in the record that Enloe received a copy of the affidavit. In both the plea agreement and at the plea hearing, Enloe acknowledged receipt of the amended complaint, but there is no mention of whether he also received a copy of the affidavit. When a district court seeks to establish the factual basis for a plea by a complaint that sets out factual details related to the crime charged, it is necessary for a copy of the complaint to be given or read to the defendant or for the prosecutor to present the factual statement at the plea hearing. *Ebaben*, 294 Kan. at 813. Because neither source cited by the district court was sufficient to establish that Enloe's pleas were knowingly made, the district court erred when it accepted the pleas and again when it refused to allow Enloe to withdraw them.

Having concluded the district court erred, we must then determine whether the error requires us to reverse and remand the case. In this situation, the error may be deemed harmless if review of the entire record demonstrates that Enloe's pleas were knowingly and voluntarily made. See *State v. Chesbro*, 35 Kan. App. 2d 662, 670, 134 P.3d 1, *rev. denied* 282 Kan. 792 (2006). To make this determination, it is necessary to look at the crimes Enloe was charged with and what the record reveals Enloe knew regarding the factual basis for those charges. See *Ebaben*, 294 Kan. at 816 ("the record does not demonstrate that the plea was knowingly and voluntarily made because there was no statement of the evidence presented to the district court showing the defendant's conduct fell within the charge to which the defendant pleaded"); *State v. Snyder*, 10 Kan. App. 2d 450, 455, 701 P.2d 969 (1985) (quoting *State v Calderon*, 233 Kan. 87, 93, 661 P.2d 781 [1983] ["'In establishing a factual basis for the plea the court must establish that all elements of the crime charged are present.'"]).

8

The plea agreement, signed by Enloe, clearly established a factual basis for the charges of criminal damage to property and unlawful possession of certain drug precursors with intent to manufacture a controlled substance. Paragraph 14 of the agreements reads:

"14. I know the Court must be satisfied that there is a factual basis for a plea of 'GUILTY' or 'NO CONTEST' (*nolo contendere*) before my plea can be accepted. I represent to the Court that I did the following acts in connection with charges made against me in Count I of the *Amended Complaint/Information*, unlawful possession of certain drug precursors, to wit:

**"Between April 8, 2009, and May 28, 2009, I possessed pseudoephedrine to be used in the manufacture of methamphetamine at my place of residence at 4296 CR 5700, Cherryvale, Montgomery County, Kansas. During this time period, I discovered a camera on this property with labels indicating it belonged to the KBI. Using a firearm, I shot the camera, damaging it. I acknowledge the camera had a fair market value of approximately $3,500.00 at the time I damaged it.**"

The elements needed to establish felony criminal damage to property were that Enloe intentionally damaged property of another that was worth at least $1,000 but less than $25,000. See K.S.A. 21-3720(a)(1), (b)(2). The elements needed to establish the felony crime of unlawful possession with intent to manufacture methamphetamine were that Enloe possessed pseudoephedrine and had the intent to use it to manufacture a controlled substance. See K.S.A. 2008 Supp. 65-7006(a), (f). The factual basis for the third charge, criminal possession of a firearm, is not clearly established by this summary. In order to convict a person of felony criminal possession of a firearm under K.S.A. 21-4204(a)(3) and (d), there must be evidence that the person charged with possession of the firearm had been convicted of a felony within the preceding 5 years. The summary alleges Enloe was in possession of a firearm but fails to mention a prior conviction that makes the possession illegal. Evidence of the prior conviction can, however, be found in

9

the amended complaint. Therefore, these two documents, considered together, provide a sufficient factual basis for Enloe's pleas.

Enloe's second argument is that his pleas were not knowing and voluntary because at the time they were entered he was under the influence of mind altering drugs. Enloe's claim directly contradicts a signed statement in his plea agreement and his oral confirmation during the plea hearing that he was not using any drugs or alcohol, other than Aleve, on the day of, or the 7 days preceding, the hearing. Additionally, at the hearing on the motion to withdraw pleas, Enloe's attorney testified that, though he had seen Enloe under the influence on other occasions, he did not believe Enloe was under the influence of drugs on the day of the plea hearing.

Enloe cites no cases in which a defendant has successfully argued that he or she should be permitted to withdraw his or her plea on the basis of similar facts. The reason for this is likely that no such case exists. Quite the contrary, there are numerous cases in which this court and the Kansas Supreme Court have upheld a district court's decision to deny a motion to withdraw plea under similar facts. Denials of such motions are common and regularly upheld when defendants have argued after the fact that they were under the influence of drugs during plea hearings despite their testimony and testimony of their attorneys at the time that they were not. See *State v. Denmark-Wagner*, 292 Kan. 870, 878-80, 258 P.3d 960 (2011); *State v. Christensen*, 23 Kan. App. 2d 910, 912-14, 937 P.2d 1239 (1997); *State v. Brown*, No. 108,324, 2013 WL 4404216, at *3-5 (Kan. App. 2013) (unpublished opinion), *rev. denied* 299 Kan. 1271 (2014).

The district court did not abuse its discretion in denying Enloe's motion to withdraw his pleas.

DID THE DISTRICT COURT ERR BY CLASSIFYING ENLOE'S
PRE-1993 JUVENILE ADJUDICATION AS A PERSON FELONY?

Enloe next argues that the district court wrongly classified his pre-1993 juvenile burglary adjudication as a person felony. Enloe first argues the district court's categorization of his juvenile adjudication as a person felony required the court to engage in judicial factfinding in violation of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), and *State v. Dickey*, 50 Kan. App. 2d 468, 329 P.3d 1230 (2014), *aff'd* 301 Kan. 1018, 350 P.3d 1054 (2015). Enloe also argues the district court's action violated our Supreme Court's holding in *State v. Murdock*, 299 Kan. 312, 319, 323 P.3d 846 (2014), *modified by Supreme Court order* September 19, 2014, *overruled by State v. Keel*, 302 Kan. 560, 357 P.3d 251 (2015).

The State responds to Enloe's arguments by questioning his ability to raise them for the first time on appeal. The State acknowledges the Kansas Supreme Court's determination in *Dickey* that the defendant's sentencing argument was properly before it on appeal despite the fact the issue was not raised at the trial court level but argues the Supreme Court decided the issue incorrectly. Although the State urges us to depart from the Supreme Court's recent decision, we are duty bound to follow Kansas Supreme Court precedent. *State v. Belone*, 51 Kan. App. 2d 179, 211, 343 P.3d 128, *rev. denied* 302 Kan. ___ (September 14, 2015).

The Supreme Court in *Dickey* concluded it had jurisdiction over Dickey's claim under K.S.A. 22-3504(1) which permits a court to "'correct an illegal sentence at any time.'" *Dickey*, 301 Kan. at 1034. Challenges to a defendant's criminal history score calculations "can be raised pursuant to K.S.A. 22-3504(1) because such a challenge essentially raises a claim that the sentence imposed does not conform with the applicable statutory provision regarding the term of punishment authorized for the current

11

conviction." 301 Kan. at 1034. Because Enloe similarly challenged the calculation of his criminal history score, we must find that his appeal is properly before us.

In *Dickey*, the defendant appealed the district court's categorization of a pre-1993 burglary adjudication as a person felony for sentencing purposes. Dickey argued that such categorization required the district court to engage in judicial factfinding in violation of *Descamps v. United States*, 570 U.S. __, 133 S. Ct. 2276, 186 L. Ed. 2d 438 (2013), and *Apprendi* because it was not apparent from looking strictly at the language of the statute applicable to the prior conviction whether the burglary involved a dwelling and, thus, whether the crime was a person felony.

To reach its decision, the *Dickey* court first examined *Apprendi*, which holds that "'any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.'" *Dickey*, 301 Kan. at 1036. The court then conducted an analysis of *Descamps*, which added to *Apprendi* by clarifying the methods trial courts can use to determine whether a prior conviction may be used as a predicate offense to satisfy a sentencing elevation associated with a current conviction. *Dickey*, 301 Kan. at 1036-40.

In *Descamps* the United States Supreme Court outlined a bifurcated approach to resolving this issue. 133 S. Ct. at 2281-84. Where a prior conviction is based on a statute that contained only a single set of elements constituting the crime, the sentencing court is to compare the elements of the prior crime of conviction to the statute in effect at the time of the current conviction. 133 S. Ct. at 2281-83. If the elements are the same as or narrower than the current statute, the prior conviction can serve as a basis for elevation. 133 S. Ct. at 2283. When the statute forming the basis of the prior conviction "is 'divisible,' *i.e.*, comprises multiple, alternative versions of the crime" and one of the versions matches the elements of the current statute to which the prior conviction is being compared, the trial court may look beyond the elements of the statute to determine if the

12

prior conviction constitutes a predicate offense giving rise to a sentencing elevation in the current case. 133 S. Ct. at 2284-86; *Dickey*, 301 Kan. at 1037-38. The purpose of this bifurcated approach is to ensure that sentencing courts considering prior convictions for sentencing purposes "do not engage in factfinding in violation of *Apprendi* by attempting to determine whether a defendant's actions satisfied an element not contained within the statute under which the defendant's prior conviction arose." 301 Kan. at 1038.

Based on the holdings of *Apprendi* and *Descamps*, our Supreme Court determined that it would have been constitutionally impermissible for the district court to classify Dickey's prior burglary adjudication as a felony because classifying the crime as a person felony "would have necessarily resulted from the district court making or adopting a factual finding that went beyond simply identifying the statutory elements that constituted the prior burglary adjudication." 301 Kan. at 1039. The statute did not distinguish between burglary of a dwelling and burglary of other structures. Without distinguishing between the locations of the act, the statute was neither one that was narrower than the current burglary statute, nor was it divisible statute. As a result, the Supreme Court concluded that the prior adjudication should have been classified as a nonperson felony for criminal history purposes because the district court would have had to engage in factfinding to properly classify it as a person felony and remanded the case for resentencing. 301 Kan. at 1039-40.

The burglary statute in effect at the time of Enloe's 1989 juvenile adjudication defined burglary as: "[K]nowingly and without authority entering into or remaining within any building, mobile home, tent, or other structure, or any motor vehicle . . . with intent to commit a felony or theft therein." K.S.A. 1988 Supp. 21-3715. The statute in effect at the time of Enloe's burglary contained the same classification problem as the statute in *Dickey*, so it is impossible to distinguish between the two cases to reach a different outcome. Enloe's sentence must be vacated and the case remanded to the district

13

court for resentencing as his prior juvenile adjudication for burglary must be classified as a nonperson felony.

Finally, in the alternative, Enloe argues *Murdock*, 299 Kan. at 318-19, requires us to remand for recategorization and resentencing. Because the case will be remanded on the strength of Enloe's first sentencing argument, we need not consider this alternative.

Affirmed in part, vacated in part, and remanded with directions for resentencing.