No. 102,129

STATE OF KANSAS, *Appellee*, v. ANTHONY ALEXANDER EBABEN, *Appellant*.

(281 P.3d 129)

Opinion filed July 20, 2012.

*Donald R. Snapp*, of Newton, was on the brief for appellant.

*Susan C. Robson*, county attorney, and *Steve Six*, attorney general, were on the brief for appellee.

The opinion of the court was delivered by

BILES, J.: Anthony Ebaben appeals from the district court's denial of his pre-sentence motion to withdraw an *Alford* plea to one count of sexual battery. By entering an *Alford* plea, Ebaben pleaded guilty without admitting he committed the crime. He now claims he should be permitted to withdraw this plea because: (1) the trial court erred by accepting his plea without establishing a factual basis for it; and (2) he felt pressured to enter the plea because his attorney had not subpoenaed any trial witnesses. The Court of Appeals affirmed. *State v. Ebaben*, No. 102,129, 2010 WL 1078464 (Kan. App. 2010) (unpublished opinion). We reverse and remand to the district court to permit Ebaben to withdraw his plea because the district court erred by not establishing the factual basis for the plea as required by K.S.A. 22-3210(a)(4). We do not address the second claim.

## FACTUAL AND PROCEDURAL BACKGROUND

The State charged Ebaben with one count of indecent liberties with J.P., a child between 14 and 16 years of age; one count of sexual battery of T.R., a person 16 years of age or older; one count of furnishing alcohol to a minor; and one count of driving on a suspended, canceled, or revoked license. But under a plea agreement all charges were dropped, except for a revised misdemeanor sexual battery charge naming J.P. as the victim. J.P. was 1 month short of her 16th birthday at the time of the offense. A written plea agreement is not included in the appellate record. A description of what occurred at the plea hearing is necessary to discuss the issues presented.

On the day Ebaben's jury trial was to begin, the State advised the district court that Ebaben had agreed to plead guilty to the revised misdemeanor sexual battery charge under *North Carolina v. Alford*, 400 U.S. 25, 37-38, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970) (accused may plead guilty without admitting the commission of the offense if accused intelligently concludes his or her interests so require and the record strongly evidences guilt). See *State v. Case*, 289 Kan. 457, Syl. ¶ 2, 213 P.3d 429 (2009) ("An *Alford* plea is a plea of guilty to a criminal charge but without admitting to its commission, *i.e.*, to the truth of the charge and every material fact therein. The defendant may accomplish this in two ways: by affirmatively protesting innocence or by simply refusing to admit the acts constituting the charge."). The district court confirmed this with Ebaben's attorney and then summarized the charge to Ebaben and advised him the maximum penalty was 1 year in county jail and a $2,500 fine.

The district court's summary of the charge contained most of the details from the amended complaint, except that it omitted the victim's date of birth and the location of the offense. The amended complaint stated:

"That on or between the 1st day of August, 2007, and the 30th day of August, 2007, in Marion County, Kansas, Anthony Alexander Ebaben, then and there being present did unlawfully, intentionally and without consent touch JP (DOB: 9/4/91), who was 16 or more years of age and not the spouse of the defendant, with the intent to arouse or satisfy the sexual desires of the defendant or another,

in violation of K.S.A. 21-3517, SEXUAL BATTERY, a class A person misdemeanor."

Ebaben was not asked at the time he entered his plea whether he was furnished a copy of the amended complaint.

The district court informed Ebaben that by entering a plea he would be giving up his right to a jury trial with appointed counsel at which the State would have to prove beyond a reasonable doubt that he committed the charged crime. Ebaben stated that he did not have any questions and agreed that no one had "threatened [him] in any way or pressured [him] to get [him] to plead" to the charge. Ebaben also indicated he understood the plea agreement and that the other charges would be dismissed if he pleaded to sexual battery. The district court then asked Ebaben, "[H]ow do you plead?" and Ebaben replied, "No contest." The district judge responded by stating, "I don't think that's an option (unintelligible)." Then, the following discussion between the district judge and Ebaben's attorney occurred:

"Mr. Harger:  I'm not sure exactly what plea this is that's being entered."
"The Court:  Uh—
"Mr. Harger:  I'm not sure how to do the *Alford* plea, or what process you want to go through.
"The Court:  I think he can—he can plead, and I'll go through the questioning process with him, but if he's going to plead, uh, *Alford* fashion, I think he needs to plead guilty.
"Mr. Harger:  Okay. Well, we—we don't want to make an admission to . . . that misdemeanor through a guilty plea.
"The Court:  Well, let me make . . . the inquiry in advance, and then we'll go back to this point.
"Mr. Harger:  That makes sense."

The district court asked Ebaben whether he thought it was in his best interest to enter a plea to the charge, even though he did not necessarily want to admit to the specific allegations. Ebaben said, "Yes." The court then stated:

"It is possible for someone to plead to something that they say they didn't specifically do, if they feel like there are other charges the State could bring that, uh, could, that they might have some . . . exposure to. . . . [T]hey feel like it's in their best interest, as a part of a plea bargain to plead to something that they don't necessarily admit that they did, or that they don't necessarily . . . think the State

could prove. And that's called an *Alford* plea. Basically, it means that, uh, you are pleading to something because you feel like you're getting the benefit of the bargain you entered into, but you're not necessarily admitting that it happened. Is that what you wish to do here?"

Ebaben indicated this was what he wanted to do, and the district judge informed him that he was "going to have to plead guilty," stating "I don't think you can plead no contest in—in an *Alford* plea. So, if you can make that plea . . . by pleading guilty because you feel it's in your interest to do so, as a part of your plea agreement."

After the court's *Alford* plea description, Ebaben's attorney stated that he would "allow [Ebaben] to go ahead and plead guilty" based on the court's inquiry and the record of the nature of the plea. Then, the district court asked Ebaben a second time how he would plead, and Ebaben stated "guilty." The judge then stated, "I don't need a factual basis from [the State]."

The district court found the plea was free, knowing, and voluntary, and it pronounced Ebaben guilty of sexual battery. A sentencing hearing was scheduled for another date, but before sentencing Ebaben filed a written motion to withdraw the plea. He claimed the district court had failed to comply with K.S.A. 22-3210(a)(4), the statute for accepting pleas, by not stating a sufficient factual basis of the evidence supporting the charge. He also claimed he was pressured into pleading guilty.

At the motion hearing, the district court found Ebaben had entered his plea freely, knowingly, and voluntarily, and had not established good cause to withdraw it. The district court noted that Ebaben had met with his attorney several times, that defense counsel was prepared for trial, and that the court and defense counsel had reviewed Ebaben's rights with him on the day of the plea, although the court acknowledged this review was less extensive because Ebaben was pleading to a misdemeanor charge. The court also found there was clear evidence Ebaben benefitted from the plea.

As to the argument regarding the factual basis for the plea, the district court admitted the better practice would have been to require a proffer from the State and conceded that "we got . . . a

little cross-wise" based on the confusion as to whether Ebaben intended to plead guilty or no contest. But the court found that regardless of that confusion, the failure to proffer a factual basis was not relevant to whether there was good cause to set aside the plea and that it was less important to proffer a factual basis under an *Alford* plea because it allows a defendant to plead to something for which there may not be any factual basis.

Ebaben was sentenced to 42 days in jail with credit for time served as a condition of release on 12 months' probation, with an underlying 12-month jail sentence. He timely appealed to the Court of Appeals, which affirmed. *Ebaben*, 2010 WL 1078464, at *4. Ebaben petitioned this court for review, which was granted. Jurisdiction arises under K.S.A. 20-3018(b) (review of Court of Appeals decision).

## ANALYSIS

Ebaben claims he established good cause to withdraw his *Alford* plea and advances two theories as to why the district court should have allowed him to proceed to a jury trial on the felony charges. First, Ebaben contends the trial court was required by K.S.A. 22-3210(a)(4) to satisfy itself that there was a factual basis for the plea before it was accepted and that no factual basis was presented. Second, he argues he was pressured into entering a plea because his trial was supposed to begin that morning and his attorney had not subpoenaed any witnesses for his defense. Because we agree with Ebaben that the district court erred when accepting the plea under the statute, we do not address the second argument.

### Standard of Review

An appellate court reviews the district court's decision on a presentencing motion to withdraw a plea for an abuse of discretion. See K.S.A. 22-3210(d); *State v. Williams*, 290 Kan. 1050, 1053, 236 P.3d 512 (2010). Judicial discretion is abused if judicial action is (1) arbitrary, fanciful, or unreasonable, *i.e.*, if no reasonable person would have taken the view adopted by the trial court; (2) based on an error of law, *i.e.*, if the discretion is guided by an erroneous legal conclusion; or (3) based on an error of fact, *i.e.*, if substantial com-

petent evidence does not support a factual finding on which a prerequisite conclusion of law or the exercise of discretion is based. *State v. McCullough*, 293 Kan. 970, Syl. ¶ 5, 270 P.3d 1142 (2012).

*Was a Factual Basis for Ebaben's Plea Established?*

A district court considers three factors when determining if the defendant demonstrates good cause, including whether: (1) the defendant was represented by competent counsel; (2) the defendant was misled, coerced, mistreated, or unfairly taken advantage of; and (3) the plea was fairly and understandingly made. *Williams*, 290 Kan. at 1053. But all three factors need not apply in the defendant's favor, and the district court may consider other factors when determining if good cause is shown. 290 Kan. at 1054 (citing *State v. Aguilar*, 290 Kan. 506, 513, 231 P.3d 563 [2010]).

Ebaben argues he established the good cause necessary to withdraw his plea because there was no proffer of a factual basis given for the plea before it was accepted by the trial court as required by K.S.A. 22-3210(a)(4). The State argues the trial court's summary of the complaint was sufficient. We must first address what is required to establish the factual basis for Ebaben's plea. K.S.A. 22-3210 states in relevant part:

"(a) Before or during trial a plea of guilty or *nolo contendere* may be accepted when:
(1) The defendant or counsel for the defendant enters such plea in open court; and
(2) in felony cases the court has informed the defendant of the consequences of the plea, including the specific sentencing guidelines level of any crime committed on or after July 1, 1993, and of the maximum penalty provided by law which may be imposed upon acceptance of such plea; and
(3) in felony cases the court has addressed the defendant personally and determined that the plea is made voluntarily with understanding of the nature of the charge and the consequences of the plea; and
(4) *the court is satisfied that there is a factual basis for the plea.*" (Emphasis added.)

K.S.A. 22-3210(a)(4) requires a trial court to establish that all elements of the crime charged are present before accepting a defendant's plea. *State v. Edgar*, 281 Kan. 30, 42-43, 127 P.3d 986 (2006) (*Alford* plea); *State v. Shaw*, 259 Kan. 3, 7, 910 P.2d 809

(1996) (no contest plea). But Ebaben argues that K.S.A. 22-3210(a)(4) requires more when the defendant pleads guilty while maintaining his or her innocence. We need not consider that argument because the factual basis set out for Ebaben's plea was insufficient without regard to whether his plea was based on *Alford*.

We have held in both *Alford* and no contest plea cases that a factual basis for a plea may be satisfied: (1) by a complaint or information given or read to the defendant which sets forth the factual details and essential elements of the particular crime charged; (2) by the prosecutor or defendant's factual statement presented to the court at the plea hearing; or (3) based on the evidence presented at a preliminary hearing at which the same judge presided. *Edgar*, 281 Kan. at 42; *Shaw*, 259 Kan. at 10-11. But only the first method is applicable under the facts in this case because the district court merely attempted to summarize the complaint when accepting the plea, while dismissing the need for any proffer of evidence and making no mention of a preliminary hearing. This circumstance requires us to determine just how factually detailed the complaint or information must be to comply with the statute.

To demonstrate that Ebaben committed misdemeanor sexual battery, the essential elements the State was required to show were: (1) Ebaben intentionally touched J.P.; (2) the touching was done with the intent to arouse or to satisfy the sexual desires of the defendant or another; (3) J.P. was not Ebaben's spouse; (4) J.P. did not consent to the touching; (5) J.P. was 16 or more years of age; and (6) the date the act occurred. See K.S.A. 21-3517; PIK Crim. 3d 57.19. As noted above, the trial court summarized the case against Ebaben by stating:

"[T]he charge against you alleges . . . between the 1st of August, '07, and the 30th of August, '07, . . . that you had, . . . intentional, . . . physical contact and . . . it was without consent, with a minor . . . identified with the initials J.P., who was 16 years of age or more, but under 18 and not your spouse . . . with the intent to satisfy sexual desires of yourself or others and (unintelligible)."

The caselaw holding that a factual basis can be established by reading a complaint containing the facts and essential elements of the crime derives from this court's decision in *Widener v. State*, 210 Kan. 234, 237-40, 499 P.2d 1123 (1972); see also *State v. Sny-*

*der*, 10 Kan. App. 2d 450, 454-55, 701 P.2d 969 (1985) (stating that the factual basis requirement may be satisfied by an information given or read to the defendant which sets forth the factual details and essential elements of the crime; citing *Widener* and other cases). In *Widener*, the defendant pleaded guilty and later relied on federal caselaw to claim that his plea was involuntary because the court failed to personally interrogate him and determine whether he understood the charges. The *Widener* court held that a district court should not convict based on a plea without inquiring of the accused and satisfying itself that there is a factual basis for it. 210 Kan. at 237-38. And it noted that those requirements had been recently codified by statute, although the statute did not apply in Widener's case. 210 Kan. at 238.

The *Widener* court then held that the factual basis requirement was satisfied because the "factual circumstances were meticulously set forth in separate informations." 210 Kan. at 238-40. The burglary information in *Widener* stated the essential elements of the crime:

"[O]n June 11, 1970, in the night-time, Mr. Widener had unlawfully, feloniously and burglariously broke into a concession stand in the city ball park in Arkansas City by ripping tin from the roof of the stand, entered an inner room by opening a window and had stolen and carried away various described items of merchandise located therein which were the property of the Arkansas City, Kansas Baseball Association." 210 Kan. at 239.

*Widener* indicates the defendant had waived the reading of the information but acknowledged during the plea hearing that he had received a copy of it. The defendant also had confessed to the crime, stating that he was pleading guilty because he had burglarized the concession stand. See 210 Kan. at 238-39.

The amended complaint at Ebaben's trial lacked any of the factual details presented in *Widener*, except that Ebaben's complaint included the defendant's name. Moreover, Ebaben did not confess to the crime.

Many of the other no contest pleas affirmed by this court also involved the reading of an information or complaint—coupled with a confession or stipulation. See *State v. Bey*, 270 Kan. 544, 546-50, 17 P.3d 322 (2001) (describing factual basis for no contest plea

as "rather Spartan"; however, amended information was read twice, State proffered limited factual statement, and the defendant's signed motion admitted the facts were sufficient to support the plea); *Shaw*, 259 Kan. at 9 (no contest plea upheld based on reading of the complaint and the defendant's stipulation that the State had sufficient evidence to convict); see also *Noble v. State*, 240 Kan. 162, 170, 727 P.2d 473 (1986) (no contest plea predating K.S.A. 22-3210 was upheld after defendant waived reading of complaint and testified that he committed each element of the offense).

This court's remaining cases relied upon the State's proffer of a factual basis. See *State v. Shears*, 260 Kan. 823, 835-36, 925 P.2d 1136 (1996) (no contest plea upheld when defendant waived reading of complaint and the State described the evidence to the court); *State v. Reed*, 248 Kan. 506, 512-13, 809 P.2d 553 (1991) (no contest plea upheld based on State's proffer and judicial notice of evidence from a codefendant's case).

The facts in Ebaben's case are most similar to the evidence presented in *Snyder*, 10 Kan. App. 2d 450. In that case, the Court of Appeals held there was insufficient evidence to support the factual basis of a guilty plea for attempted aggravated interference with parental custody. 10 Kan. App. 2d at 455-57. At the plea hearing, the State read the amended complaint to the defendant and defense counsel stipulated that a factual basis existed. But the complaint was similar to the charge read to Ebaben. It simply recited the elements of the crime by stating the defendant "unlawfully, willfully and feloniously attempted to commit the crime of aggravated interference with parental custody as defined in K.S.A. 21-3422a but failed in the [perpetration] thereof in violation of K.S.A. 21-3301 and K.S.A. 21-3422a." 10 Kan. App. 2d at 456.The *Snyder* court held the purpose of K.S.A. 22-3210(a)(4) is to ensure that a plea was knowingly and voluntarily entered, and that purpose is defeated when there is no evidence presented to the district court showing that the defendant's conduct falls within the charge to which the defendant pleaded. Therefore, it held the error required reversal. See 10 Kan. App. 2d at 456-57.

A comparison of the facts in Ebaben's case with our prior case-law demonstrates the recitation at the plea hearing was simply too

bare-boned to conclude on review that the trial court fulfilled its statutory duty of "satisfying itself" that a factual basis for the plea existed. Without fulfilling that duty, the trial court as a matter of law had no basis to find that Ebaben's plea was fairly and understandingly made. See *Williams*, 290 Kan. at 1053. We hold the trial court abused its discretion in finding a sufficient factual basis to support the plea. The remaining question is whether Ebaben is entitled to withdraw his plea based on that error.

*Does the error require reversal?*

This court has held that the failure to strictly comply with K.S.A. 22-3210 may be reversible error *unless* a review of the entire record demonstrates that the plea was knowingly and voluntarily made and otherwise accepted by the trial judge in compliance with the statute. *Shaw*, 259 Kan. 3, Syl. ¶ 4; see also *Trotter*, 218 Kan. 266, 269-70, 543 P.2d 1023 (1975) (failure to comply with K.S.A. 22-3210 was harmless error, but disapproving of any failure to fully comply with K.S.A. 22-3210 since full compliance protects the accused's due process guarantees).

In Ebaben's case, the record does not demonstrate that the plea was knowingly and voluntarily made because there was no statement of the evidence presented to the district court showing the defendant's conduct fell within the charge to which the defendant pleaded. As to this point, we agree with the Court of Appeals' rationale in *Snyder*, 10 Kan. App. 2d at 456-57. K.S.A. 22-3210(a)(4)'s purpose of ensuring that a plea is knowingly and voluntarily entered is defeated if the district court is presented with no evidence to establish the defendant's conduct falls within the elements of the charged crime.

The State argues that the error was harmless based on *McPherson v. State*, 38 Kan. App. 2d 276, Syl. ¶ 1, 163 P.3d 1257 (2007). In that case, the Court of Appeals held that a party may plead to a nonexistent or hypothetical crime, as long as the defendant: "(1) was initially brought into court on a valid pleading; (2) received a beneficial plea agreement; and (3) voluntarily and knowingly entered into the plea agreement." 38 Kan. App. 2d at 281. But *Mc-*

*Pherson* is distinguishable because that court did not address whether a sufficient factual basis for the plea was established.

We hold that the district court committed reversible error because it did not establish a factual basis for Ebaben's plea.

Reversed and remanded.