NOT DESIGNATED FOR PUBLICATION

No. 112,859

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ANNA NICOLE THOMPSON,
*Appellant*.

MEMORANDUM OPINION

Appeal from Geary District Court; STEVEN L. HORNBAKER, judge. Opinion filed May 13, 2016. Affirmed.

*Sam S. Kepfield*, of Hutchinson, for appellant.

*Tony Cruz*, assistant county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before POWELL, P.J., ARNOLD-BURGER, J., and BURGESS, S.J.

*Per Curiam*:  Anna Nicole Thompson pled no contest to one count of solicitation to distribute cocaine and one count of solicitation to distribute marijuana. Prior to sentencing she filed a motion to withdraw her plea; after an evidentiary hearing, the district court denied her motion. Thompson now appeals, arguing that the district court abused its discretion in denying her motion to withdraw her plea. We disagree and affirm.

Thompson was originally charged with one count of conspiracy to distribute cocaine, a drug severity level 1 nonperson felony, and two counts of conspiracy to distribute marijuana, both drug severity level 4 nonperson felonies. Thompson was

1

represented by appointed counsel Allen Angst. Pursuant to a plea agreement, Thompson pled no contest to one count of solicitation to distribute cocaine and to one count of solicitation to distribute marijuana, both drug severity level 4 nonperson felonies. At her plea hearing, Thompson made no indication she was impaired and stated she had read the plea and waiver of rights. She also stated her attorney had explained the plea to her and that she understood it. When asked if she understood and knew the maximum penalty for the charges in the plea, she stated, "51 months." After hearing the State's factual basis, Thompson agreed the State could make a finding of guilt beyond a reasonable doubt to both of the charges. She acknowledged she did not make the plea under threat. The district court advised her of her right to a jury trial, the State's burden of proof at trial, her right to confront witnesses and testify, and her rights under the Fifth Amendment to the United States Constitution. The district court found that Thompson made a knowing, intelligent, and voluntary waiver of her constitutional rights to a trial and that there was a factual basis for the charges. It found Thompson guilty of solicitation to distribute cocaine and solicitation to distribute marijuana.

However, prior to Thompson's sentencing, Angst withdrew as Thompson's attorney. Thompson, acting pro se, then filed a motion entitled "Motion for Writ of Habeas Corpus Pursuant to K.S.A. 22-2710 or Alternative Request to Withdraw Plea Arguments and Authories [*sic*]." Russ Roe, Thompson's new court appointed attorney, then filed another motion to withdraw her plea, alleging that Thompson felt she was not adequately represented in the course of the plea and that she was coerced into the plea by her previous counsel.

The district court held a hearing at which Thompson and Angst testified. Thompson testified that she felt the State had a weak case against her and that her attorney had not filed the appropriate motions because she thought there were issues with the validity of wiretaps used by the State. She testified that the plea "came out of nowhere" and that she signed it because she feared being incarcerated for a long time.

2

Thompson also testified that she did not know what she was pleading to, how long she would be sentenced under the plea, or the stipulations involved in the plea. On cross-examination, Thompson could not articulate how she was coerced into taking the plea; she only could state she was tired of going to court and she feared being incarcerated for a long time. Thompson testified that she was in a daze at the time of her plea hearing.

Angst testified that he had several conversations with Thompson concerning the case, some of which included Thompson's mother, and that he and Thompson discussed the facts of the case against her many times. He testified that Thompson did not personally listen to the wiretap tapes but that he did and advised her that the contents of the wiretaps were exactly along the same lines as the probable cause affidavit. He provided Thompson with a copy of the affidavit. Angst also testified that he discussed Thompson's original charges with her and showed her where her sentence would be on the sentencing grid if she was convicted. He then showed her where her sentence would fall based on the charges in the plea agreement. Part of the plea agreement included that the State would work to avoid federal indictment. Angst testified that he absolutely did not coerce Thompson into taking the plea agreement and that he explained to her the alternatives, including going to trial. Angst further testified that he went over the terms of the plea agreement and that he provided her a copy of the plea to take home with her before she accepted it. Her questions regarding the plea involved the charges and what they were "being kicked down" to. Angst testified that he went over her questions and the new charges in detail. Finally, Angst testified:

> "I've heard her testify today that she didn't know what she was doing, and should have never entered the plea. But if that was the case, if I had any inkling that that was the case at the time that we were doing the plea, I would have never proceeded onward. . . .
>
>     . . . .
>
>     "There was no indication that I perceived from her at all that she did not know what she was doing or that she did not want to do that."

3

The district court found that at the time of her plea Thompson was represented by competent counsel, that there was a factual basis for her plea, and that, although the court remembered Thompson being "pretty distraught," the plea was fairly and understandably made. The district court found Thompson failed to sustain her burden to show good cause to withdraw her plea. Thompson was sentenced to 18 months' probation, with an underlying sentence of 16 months' imprisonment and 24 months' postrelease supervision.

Thompson timely appeals.

## DID THE DISTRICT COURT ABUSE ITS DISCRETION WHEN IT DENIED THOMPSON'S MOTION TO WITHDRAW HER PLEA PRIOR TO SENTENCING?

"A plea of guilty or nolo contendere, for good cause shown and within the discretion of the court, may be withdrawn at any time before sentence is adjudged." K.S.A. 2015 Supp. 22-3210(d)(1). On appeal, a defendant must establish that the trial court abused its discretion in denying a presentence motion to withdraw plea. *State v. Schow*, 287 Kan. 529, 541, 197 P.3d 825 (2008). A district court abuses its discretion when its decision "(1) is arbitrary, fanciful, or unreasonable; (2) is based on an error of law; or (3) is based on an error of fact." *State v. Waller*, 299 Kan. 707, 722, 328 P.3d 1111 (2014).

Three factors, often referred to as the *Edgar* factors, see *State v. Edgar*, 281 Kan. 30, 36, 127 P.3d 986 (2006), generally guide a district court's consideration of whether a defendant has demonstrated the good cause required by K.S.A. 2015 Supp. 22-3210(d)(1) to withdraw a plea prior to sentencing. "In exercising its discretion . . . , the trial court should evaluate whether '(1) the defendant was represented by competent counsel, (2) the defendant was misled, coerced, mistreated, or unfairly taken advantage of, and (3) the plea was fairly and understandingly made. [Citation omitted.]'" 281 Kan. at 36 (quoting *State v. Bey*, 270 Kan. 544, 545, 17 P.3d 322 [2001]). "These factors should not,

4

however, be applied mechanically and to the exclusion of other factors." *State v. Fritz*, 299 Kan. 153, 154, 321 P.3d 763 (2014). A defendant does not need to establish all three factors in order to demonstrate good cause to withdraw a plea. *State v. Ebaben*, 294 Kan. 807, 812, 281 P.3d 129 (2012). Additionally, a defendant's determination, in hindsight, that a plea was not the best course of action, without more, is not sufficient good cause to withdraw the plea. See *Schow*, 287 Kan. at 542.

1.      *Thompson was represented by competent counsel.*

A defendant need not "demonstrate ineffective assistance arising to the level of a violation of the Sixth Amendment [to the United States Constitution]"; mere "lackluster advocacy . . . may be plenty to support the first *Edgar* factor and thus statutory good cause for presentence withdrawal of a plea." *State v. Aguilar*, 290 Kan. 506, 512-13, 231 P.3d 563 (2010). The established minimum standard for reasonable representation by plea counsel, however, is advising the defendant of the range of possible penalties and discussing the choices available to the defendant. *State v. White*, 289 Kan. 279, 285-86, 211 P.3d 805 (2009).

In support of the first *Edgar* factor Thompson argues that there was no real exploration of the substance of the charges against her and that the State had a weak case. She argues that she had never heard or discussed the wiretaps in the State's evidence with Angst. While Angst testified that it was true Thompson never listened to the wiretap tapes, he had listened to them and their substance was accurately reflected in the probable cause affidavit. Angst also testified that he told this to Thompson and provided her with a copy of the entire over 200-page affidavit. Additionally, Angst discussed Thompson's choices with her prior to accepting the plea. He showed her the penalty ranges for both the original charges and the plea charges and discussed the possibility of going to trial. The district court made a specific finding that Thompson was represented by competent counsel, and we agree that Angst met the minimum standard for reasonable

representation in this plea negotiation. The district court correctly applied the first *Edgar* factor.

2.    *Thompson was not misled, coerced, mistreated, or unfairly taken advantage of.*

In regards to the second *Edgar* factor, Thompson simply alleges that she felt she had been coerced into signing the agreement. However, she could not articulate at the hearing how she felt coerced but simply said she was scared that if she did not sign the plea, then she would go to jail for a long time. On appeal, Thompson alleges no other facts supporting her allegation that she was misled, coerced, mistreated, or unfairly taken advantage of when accepting the plea agreement. In fact, contrary to these assertions, Thompson affirmed at the time she entered into the plea that she was under no threat, intimidation, or coercion when accepting the plea. She also stated no threats were made inducing her into the plea. The district court credited Angst's testimony and found that Thompson was not misled, coerced, mistreated, or unfairly taken advantage of when accepting the plea. As we do not reweigh the credibility of witnesses, see *State v. Williams*, 299 Kan. 509, 525, 324 P.3d 1078 (2014), we are compelled to support the district court's findings on this point. Accordingly, the district court did not abuse its discretion when it found Thompson did not have support for the second *Edgar* factor.

3.    *The plea was fairly and understandingly made.*

Thompson finally argues that she did not understand the plea agreement. She argues that although Angst testified that he fully discussed the plea with Thompson, he did not produce any documentation to support this. A careful review of the plea hearing transcript undermines Thompson's assertions. At the plea hearing, Thompson herself stated the maximum sentence for the charges in the plea. She heard the alleged evidence the State would present at trial in support of these charges. Angst also testified that he showed Thompson the sentences for the original charges as well as the sentences for the

6

charges in the plea agreement, that he went over the terms of the plea agreement, and that he provided her a copy of the plea agreement to take home with her before she accepted the plea. At her plea hearing, Thompson admitted her attorney explained the plea to her and that she read and understood it. Finally, at the hearing on Thompson's motion to withdraw plea, Angst testified that he had perceived no indication from Thompson that she did not know what she was doing or that she did not want to enter into the plea agreement. In light of this record, Thompson simply does not maintain her burden on appeal to show the district court abused its discretion.

4.    *Other alleged factors*

The only other factor Thompson raises in support of her motion to withdraw her plea is that her intellectual function was not explored at the plea hearing or the plea withdrawal hearing. Although the district court stated that Thompson was distraught at her plea hearing, there is no indication from the record that the court or counsel at any time during plea negotiations, the plea hearing, or the plea withdrawal hearing thought Thompson was unable to intellectually comprehend the proceeding or was unfit to proceed. Thompson again fails to maintain her burden to show good cause to withdraw her plea.

From a review of the record, it appears to us that Thompson has now determined, in hindsight, that her plea was not the best course of action. Unfortunately for Thompson, without more, there was insufficient good cause to withdraw her plea, and the district court did not abuse its discretion in denying her motion to withdraw her plea.

Affirmed.