NOT DESIGNATED FOR PUBLICATION

No. 121,561

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

SONESIRI PHENGSENGKHAM,
*Appellant*.

MEMORANDUM OPINION

Appeal from Cowley District Court; NICHOLAS M. ST. PETER, judge. Opinion filed November 6, 2020. Affirmed.

*Jennifer C. Roth*, of Kansas Appellate Defender Office, for appellant.

*Ian T. Otte*, deputy county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., MALONE, J., and WALKER, S.J.

PER CURIAM: Sonesiri Phengsengkham appeals the district court's denial of his request to withdraw his guilty plea to attempted theft. He argues that the district court abused its discretion by denying the motion because it did not have an adequate factual basis for accepting his plea in the first place; he says that facts before the court failed to show that he intended to permanently deprive the owner of the property. But Phengsengkham had told the court at his plea hearing that he had written his name on another person's check and tried to either cash or deposit it for $3,000. The only reasonable interpretation of that statement is that Phengsengkham intended to keep the

1

money, so the district court had an adequate factual basis for accepting his guilty plea. We therefore affirm the district court's denial of Phengsengkham's motion.

FACTS

In October 2018, Phengsengkham found a check belonging to another person in a dumpster near a credit union in the city of Winfield. Phengsengkham wrote his name on the check and tried to either cash it or deposit it into his account at the credit union. The check was for $3,000. The bank contacted police, who arrested Phengsengkham.

Phengsengkham pled guilty to one count of attempted felony theft. But before sentencing, Phengsengkham moved to withdraw his guilty plea. He argued (1) that his court-appointed attorney provided ineffective assistance, (2) that there was no factual basis for the plea, (3) that he was not advised of the consequences of a guilty plea, and (4) that the plea was not knowingly, voluntarily, and understandingly made.

After a hearing, the district court denied the motion and made four findings:

"1. The Defendant's attorney met with the Defendant and discussed the options in the case and matters related to plea and sentencing.
"2. Defendant was treated fairly by his attorney and was not coerced or mistreated.
"3. The plea bargain agreement set forth the elements of the crime to which the Defendant entered a guilty plea; and the Defendant was advised of his rights in the plea bargain agreement and by the Court at the time of the plea.
"4. There was an adequate factual basis for the plea of guilty as set forth in the trial transcript."

2

The court sentenced Phengsengkham to 12 months of probation with an underlying 6-month prison sentence. The record shows that he violated his probation shortly after sentencing and received a 60-day jail sanction. But that violation is not at issue on appeal.

Phengsengkham has now appealed the district court's denial of his motion to withdraw plea.

ANALYSIS

A defendant may withdraw a plea before sentencing at the court's discretion if the defendant shows good cause. K.S.A. 2019 Supp. 22-3210(d)(1). On appeal, the defendant must show that the district court abused its discretion in denying the motion to withdraw the plea. A district court abuses its discretion if it bases its decision on a legal or factual error or if no reasonable person would agree with the decision. *State v. DeAnda*, 307 Kan. 500, 503, 411 P.3d 330 (2018).

Phengsengkham's argument on appeal is that the district court erred by denying his motion to withdraw his guilty plea. His sole contention is that the district court made a legal error because it lacked an adequate factual basis for accepting his plea. Although he raised several other issues in the district court, he has not renewed them on appeal. So he has abandoned those issues. See *State v. Arnett*, 307 Kan. 648, 650, 413 P.3d 787 (2018) ("'An issue not briefed by an appellant is deemed waived and abandoned.'").

Under K.S.A. 2019 Supp. 22-3210(a)(4), a court may accept a guilty plea only when "the court is satisfied that there is a factual basis for the plea," which means the court is presented with evidence showing that the defendant's conduct falls within the elements of the charged crime. *State v. Ebaben*, 294 Kan. 807, 816, 281 P.3d 129 (2012). Those facts may arise "(1) by a complaint or information given or read to the defendant which sets forth the factual details and essential elements of the particular crime charged;

3

(2) by the prosecutor or defendant's factual statement presented to the court at the plea hearing; or (3) based on the evidence presented at a preliminary hearing at which the same judge presided." *Ebaben*, 294 Kan. at 813.

Phengsengkham waived his preliminary hearing, nothing in the record suggests that Phengsengkham received or was read a copy of the complaint at his plea hearing, and the State did not offer a factual basis. So Phengsengkham asserts—and the State does not dispute—that the existence of the factual basis depends on Phengsengkham's statements to the court during his plea hearing.

At that hearing, Phengsengkham told the district court that he wrote his name on the check he found and tried to either deposit or cash it:

"THE COURT: Are you entering that [guilty] plea because you wrote your name on a check owned by Brenda Mantz (sp)?

"THE DEFENDANT: Yes.

"THE COURT: And that happened on August October 12th of this year, here in Cowley County—

"THE DEFENDANT: Yes.

"THE COURT: —is that correct? And you wrote your name on that check and attempted to deposit it in the amount of $3,000; is that correct?

"THE DEFENDANT: Yes.

"THE COURT: And when you took the check to the bank and tried to deposit it to get the money, they didn't give you the money, because they had some questions about the check; is that correct?

"THE DEFENDANT: Not necessarily. You couldn't cash it before I even tried to deposit it. Yeah.

"THE COURT: So you tried to cash it, but they wouldn't let you do that?

"THE DEFENDANT: It was a deposit, yes. You couldn't cash it before you tried to deposit it before any trying to deposit. Oh, yeah.

"THE COURT: So you tried to cash it, but they wouldn't let you do that?

4

"THE DEFENDANT: It was a deposit. There was White-out all over it when I got ready to cash it. So she—I just went to go try, you know.

"THE COURT: But you tried to see if you could get it to work?

"THE DEFENDANT: To get it—yeah, just to see if I could deposit it.

"THE COURT: All right. Very well. The Court finds and—of course, you didn't have any permission from Ms. Mantz (sp) to do anything with this check; correct?

"THE DEFENDANT: Ah, yeah.

"THE COURT: All right. Court finds Mr. Phengsengkham's plea of guilty in this case is voluntarily made, that there's an adequate factual basis for the plea."

The State charged Phengsengkham with attempted theft, see K.S.A. 2019 Supp. 21-5801 (theft) and K.S.A. 2019 Supp. 21-5301 (attempt), so his statements must show that his conduct satisfied the elements of that crime. See *Ebaben*, 294 Kan. at 816. As charged in this case, "the elements of Attempted Theft that the State would have to prove are as follows:"

"1.  The Defendant performed an over[t] act toward the commission of Felony Theft.
"2.  The Defendant did so with the intent to commit Felony Theft.
"3.  The Defendant failed to complete commission of Felony Theft.
"4.  This act occurred on or about the 12th day of October, 2018, in Cowley County, Kansas.

"The elements of the completed crime of Felony Theft are as follows:

"1.  Ark Valley Credit Union and/ or Brenda Maunz was the owner of the property.
"2.  The Defendant obtained or exerted unauthorized control over the property.
"3.  The Defendant intended to deprive Ark Valley Credit Union and/or Brenda Maunz of the use or benefit of the property.
"4.  The value of the property was at least $1,500.00 but less than $25,000.
"5.  This act occurred on or about the 12th day of October, 2018, in Cowley County, Kansas."

Phengsengkham contends that his statements failed to establish one element—that he intended to deprive the credit union or the check's owner of the use or benefit of the property. Because of that, Phengsengkham says, the district court as a matter of law had no basis to find that the guilty plea was voluntarily and knowingly made. See *Ebaben*, 294 Kan. at 816 ("K.S.A. 22-3210[a][4]'s purpose of ensuring that a plea is knowingly and voluntarily entered is defeated if the district court is presented with no evidence to establish the defendant's conduct falls within the elements of the charged crime."). So he asserts that the district court made a legal error and therefore abused its discretion.

But the only reasonable interpretation of Phengsengkham's statements is that he intended to keep the $3,000. As the State puts it: "If he did not intend to keep the money then what would be the point in putting his name on the check and attempting to deposit or cash it in the first place?" So Phengsengkham has failed to show that the facts before the court were insufficient to establish an element of the charged offense.

The district court therefore had an adequate factual basis to accept the plea. As a result, the court did not abuse its discretion by committing a legal error and thus did not err in denying Phengsengkham's motion to withdraw his guilty plea.

Affirmed.