NOT DESIGNATED FOR PUBLICATION

No. 122,533

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

TRAVIS LEE HUFFSTUTLER,
*Appellant*.

MEMORANDUM OPINION

Appeal from Shawnee District Court; NANCY E. PARRISH, judge. Opinion filed August 13, 2021. Affirmed.

*Corrine E. Gunning*, of Kansas Appellate Defender Office, for appellant.

*Jodi Litfin*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.

Before BUSER, P.J., HILL and ISHERWOOD, JJ.

PER CURIAM: In this grab-and-go theft case, Travis Lee Huffstutler claims there was no factual basis for the court to find him guilty of burglary and theft when he pled guilty. He is wrong. The record reflects that the district court had ample reason to find him guilty and thus did not abuse its discretion when it denied his motion to withdraw his guilty pleas.

1

*We list the elements of each charge against Huffstutler by paraphrasing the elements instructions.*

The State charged Huffstutler with burglary of a vehicle under K.S.A. 2018 Supp. 21-5807(a)(3). To convict on that charge, the State would have had to prove Huffstutler:

1. entered a vehicle;
2. did so without authority;
3. did so with the intent to commit a theft; and
4. committed this act on or about the 10th day of December 2018, in Shawnee County, Kansas.

The State also charged Huffstutler with theft under K.S.A. 2018 Supp. 21-5801(a)(1) and (b)(4) for taking the car owner's wallet. To convict on that charge, the State would have had to prove that:

1. Walter Pursell was the owner of the property;
2. Huffstutler obtained unauthorized control over the property;
3. Huffstutler intended to deprive Walter Pursell permanently of the use or benefit of the property;
4. the value of the property was less than $1,500; and
5. this act occurred on or about the 10th day of December 2018 in Shawnee County, Kansas.

*These facts come from the preliminary hearing in this case.*

The actions leading to the charges occurred at a car repair shop in Topeka. At a preliminary hearing, the owner of a Camaro automobile testified that he was working at his shop when a mechanic alerted him that somebody was inside his Camaro. The owner ran outside and saw Huffstutler getting out of the Camaro with the owner's wallet, which

2

had been in the driver's door. The owner yelled at Huffstutler, who dropped the wallet, said, "[t]his ain't my car," and then walked off.

The owner followed Huffstutler to a bus stop and had the bus driver hold the bus until police arrived. The owner had not given Huffstutler permission to be in the car nor permission to take his wallet.

Later at Huffstutler's plea hearing, the State proffered the following factual basis for a finding of guilt:

> "MR. HOLMES: Thank you, Your Honor. If this case proceeded to trial, the State would put on evidence that on December 10, 2018, the defendant, Travis Huffstutler, walked onto the premises at 2201 Southwest 10th Avenue, which is Walt's Auto Services which is located in Shawnee County. Mr. Huffstutler entered into a Chevrolet Camaro belonging to Walt Pursell. While inside the vehicle, he did remove Mr. Pursell' s wallet.
>
> "After exiting the vehicle, Mr. Pursell confronted Mr. Huffstutler. At that time, Mr. Huffstutler threw the wallet on the ground and left the area. A couple blocks later, Mr. Huffstutler was arrested on a Topeka Metro bus by police officers with the Topeka Police Department.
>
> "Your Honor, the State does believe that the evidence would show that Mr. Huffstutler, without authority, entered into the Chevrolet Camaro belonging to Mr. Pursell and did intend to commit a theft of the wallet. Mr. Pursell did give a statement to law enforcement officers and the value of the wallet was $20 and there was roughly $800 in cash in Mr. Pursell's wallet so the value of the property was less than $1,500.
>
> "Again, the State does believe the evidence would be that the defendant intended to permanently deprive Mr. Pursell of the use or benefit of the wallet and/or cash inside of the wallet. All of these events did occur in Shawnee County, Kansas, on or about the 10th day of December, 2018."

3

Huffstutler and his attorney agreed that the State had provided an adequate factual basis. The district court then accepted Huffstutler's guilty pleas and found him guilty of both crimes.

Before Huffstutler was sentenced, he moved to withdraw his pleas and set aside his convictions. He asserted that there was no factual basis to accept his pleas because there was no money in the wallet, so there was insufficient evidence that he intended to commit a theft when he entered the Camaro. He also contended that his attorney provided ineffective assistance for failing to object to the inadequate factual basis during the plea hearing. After a hearing on the motion, the district court found that the State had provided an adequate factual basis, so it denied the motion. Huffstutler appeals this ruling to this court.

*The law controlling this issue is well settled.*

A defendant may withdraw a plea before sentencing at the court's discretion if the defendant shows good cause. K.S.A. 2020 Supp. 22-3210(d)(1). On appeal, then, the defendant must show that the district court abused its discretion in denying the motion to withdraw the plea. A district court abuses its discretion if it bases its decision on a legal or factual error or if no reasonable person would agree with the decision. *State v. DeAnda*, 307 Kan. 500, 503, 411 P.3d 330 (2018). Thus, Huffstutler must show us that the district court abused its discretion.

Under K.S.A. 2020 Supp. 22-3210(a)(4), a court may accept a guilty plea only when "the court is satisfied that there is a factual basis for the plea," which means the court is presented with evidence showing that the defendant's conduct falls within the elements of the charged crime. *State v. Ebaben*, 294 Kan. 807, 816, 281 P.3d 129 (2012).

Those facts may arise

- by a complaint or information given or read to the defendant which sets forth the factual details and essential elements of the particular crime charged;
- by the prosecutor or defendant's factual statement presented to the court at the plea hearing; or
- based on the evidence presented at a preliminary hearing at which the same judge presided.

*Ebaben*, 294 Kan. at 813.

The second and third *Ebaben* methods apply here.

To us, Huffstutler argues that the State's factual basis was insufficient because the evidence failed to establish that he entered the Camaro with the intent to commit the theft, and that he took the wallet with the intent to permanently deprive the owner of it. He also asserts that his attorney was ineffective for failing to object to the inadequate factual basis. We examine his arguments on each charge in turn.

On the vehicle burglary charge, Huffstutler contends that the evidence did not show that he entered the car with the intent to commit a theft.

Burglars rarely announce their intentions to the world. Instead, their actions speak for them.

"[Intent] may be established by acts, circumstances, and inferences reasonably deducible from the evidence of acts and circumstances. In the absence of proof of other intent, or an explanation of an unlawful breaking and entry . . . it reasonably may be inferred that the intruder intended to commit a . . . theft. [Citations omitted.]" *State v. Griffin*, 279 Kan. 634, 638-39, 112 P.3d 862 (2005).

5

We therefore look at Huffstutler's actions and see what we can deduce from them. He entered someone else's car without authority, took the owner's wallet from the car, and then got out of the car. Without some other explanation—which Huffstutler has not suggested—it is reasonable to infer that he entered the Camaro with the intent to commit a theft. So the factual basis for the plea to the burglary charge was adequate.

Turning to the theft charge, we note that Huffstutler contends that the evidence failed to show that he obtained control over the wallet or that he had the intent to permanently deprive the owner of the property.

But the owner of the Camaro testified that Huffstutler took the wallet and got out of the car. It did not fly out of the car on its own. True, he may have dropped it after being confronted; but the fact that he grabbed it and got out of the car is enough to establish that he obtained unauthorized control over the wallet. He certainly did not have the owner's permission to take it. It may reasonably be inferred that he intended to keep the wallet. He dropped it only after the owner caught him red-handed with the wallet in his hands. So the factual basis for the plea to the theft charge was also adequate.

We find no abuse of discretion by the district court when it denied Huffstutler's motion to withdraw his pleas of guilty. We need not address Huffstutler's claim that his attorney was ineffective for failing to object to an inadequate factual basis for his pleas because there was an adequate factual basis to find him guilty.

Affirmed.