NOT DESIGNATED FOR PUBLICATION

No. 126,877

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MARQUIS JOVAN FULCHER,
*Appellant.*

MEMORANDUM OPINION

Appeal from Montgomery District Court; JEFFREY D. GOSSARD, judge. Submitted without oral argument. Opinion filed November 1, 2024. Reversed and remanded with directions.

*Peter Maharry*, of Kansas Appellate Defender Office, for appellant.

*Natalie Chalmers*, assistant solicitor general, and *Kris W. Kobach*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., GARDNER and CLINE, JJ.

PER CURIAM: Marquis Jovan Fulcher pleaded guilty to several crimes in 2018, including two counts of distributing methamphetamine. After sentencing, Fulcher moved to correct an illegal sentence or to withdraw his plea, arguing the district court sentenced him to a prison term outside the applicable sentencing range for his crime. The district court denied Fulcher's motion, and Fulcher appeals. Agreeing that the district court imposed an illegal sentence, we reverse and remand for resentencing.

1

*Factual and Procedural Background*

The State arrested Fulcher in August 2018 for charges stemming from a sting operation in Montogomery County, Kansas earlier that year. Fulcher faced four counts: two counts of unlawful manufacture, distribution, cultivation or possession of controlled substances using a communication facility in violation of K.S.A. 21-5707 (Counts I and III); and two counts of distribution of a controlled substance in violation of K.S.A. 21-5705 (Counts II and IV). The State identified Count IV of its complaint as Fulcher's primary offense and the sentence for that count gives rise to this appeal.

At Fulcher's first appearance, the presiding judge read the charges for Count IV. Fulcher expressed confusion when the district court stated that Count IV was for distribution of methamphetamine in an amount greater than 1 kilogram. The district court dismissed his concerns, stating that they would get to the evidence later. The district court noted that Count IV carried a penalty of 138 to 204 months, a fine of up to $500,000, and 36-months' postrelease supervision. At Fulcher's next court appearance, Fulcher was represented by counsel who waived a formal reading of the charges.

Fulcher later pleaded no contest to all four counts. At the plea hearing, the district court stated that the plea agreement, "goes along with the amended complaint," prompting the State to reply: "There is no amendment to be made." The State and Fulcher agreed that his criminal history score was B, that the four counts would run concurrent, and to recommend the lowest number in the presumptive sentence box. The district court asked Fulcher if he understood that Count IV was a level 1 felony with a maximum penalty of 204 months in jail, and Fulcher affirmed that he understood the charges and his potential sentence. The plea agreement signed by Fulcher matched these terms.

At Fulcher's sentencing hearing, the district court recounted that "Fulcher has been convicted of the primary offense of distributing opiates, opium narcotics or certain

2

stimulants, violat[ing] [K.S.A.] 21-5705(a)(1) and (9) [*sic*] (d)(1)(B)." When the district court asked Fulcher if he had any comments or evidence to present in mitigation of punishment, Fulcher's attorney said they jointly recommended a 176-month sentence for the primary offense and that the sentence for all counts run concurrent. Fulcher again expressed confusion over the sentence to the district court, saying he believed he was pleading to only 122 months. Fulcher's attorney stated that he had explained to Fulcher that the State had charged him with a level 1 offense and that 176 months was the appropriate number.

Fulcher then stated that he wished to withdraw his plea. A back and forth ensued about the need for a hearing to determine whether Fulcher could withdraw his plea. Fulcher's attorney then interrupted to indicate that Fulcher wished to continue with sentencing, and Fulcher agreed. The district court asked Fulcher: "You withdraw your request to modify your plea then? You want to go ahead and do the sentencing today?" Fulcher replied: "Go ahead and sentence me." The district court then sentenced Fulcher to 176 months. All counts ran concurrent with each other, Fulcher got the low number in the grid box, and his sentence in a previous case was modified to time served and that case was dismissed with prejudice.

Fulcher's counsel timely appealed the judgment and sentence. Later, the district court issued a nunc pro tunc order that reduced the prison terms for Counts I, II, and III, but did not alter Count IV. This court then granted Fulcher's motion to voluntarily dismiss his appeal.

Several weeks later, Fulcher moved to withdraw his plea and/or correct his sentence in district court. At the hearing on that motion, the district court ruled that although the heading for Count IV in the complaint was incorrect, the textual description of the offense correctly listed the weight, the drug, the severity level of the crime, and that the crime occurred within 1,000 feet of a school. The district court ruled that the

3

sentence was legal based on these findings and because Fulcher had affirmed at his plea hearing that he understood the charges, severity levels, and maximum penalties for his crime. The district court also found no manifest injustice that would allow Fulcher to withdraw his plea, so it denied his motion.

Fulcher now appeals the district court's denial of his motion to withdraw his plea and/or correct his sentence. He raises two issues: First, whether the district court erred in denying his motion to correct an illegal sentence; and second, alternatively, whether the district court erred by denying his motion to withdraw his plea.

*Did the District Court Err by Denying Fulcher's Motion to Correct an Illegal Sentence?*

Fulcher moved to correct an illegal sentence under K.S.A. 22-3504. Whether a sentence is illegal within the meaning of this statute is a question of law over which appellate courts have unlimited review. *State v. Mitchell*, 315 Kan. 156, 158, 505 P.3d 739 (2022).

*Analysis*

An illegal sentence is one that: (1) a court imposes without jurisdiction; (2) does not conform to the applicable statutory provisions, either in character or the term of punishment; or (3) is ambiguous about the time and manner the sentence is to be served. K.S.A. 22-3504(c)(1); see *Mitchell*, 315 Kan. at 158. Fulcher's claims invoke the second provision. Because the guidelines in the Kansas Sentencing Guidelines Act depend on two controlling factors (the crime severity level of the offense and the defendant's criminal history score), the defendant can challenge his or her sentence as illegal under K.S.A. 22-3504 if either of these factors is erroneous. *State v. Donaldson*, 35 Kan. App. 2d 540, 542, 133 P.3d 154 (2006).

Fulcher is serving a 176-month sentence for distributing methamphetamine. Courts may correct an illegal sentence at any time while a defendant is still serving the sentence. K.S.A. 22-3504(a). Fulcher argues that because the charges, plea, and sentence directly flowed from the State's citing K.S.A. 21-5705(d)(l)(B) in the complaint (a level 3 felony enhanced one level for occurring within 1,000 feet of a school) the district court had to sentence him within the applicable sentencing guideline range for that statutory subsection—122 to 137 months. Fulcher contends that because of the discrepancy between his conduct and the subsection cited by the State, his current sentence of 176 months is illegal as it does not conform to the applicable statutory provision, either in character or in punishment, as required by K.S.A. 22-3504(c)(1).

*The complaint contains many errors.*

The State concedes errors in the complaint. We agree. The State's complaint against Fulcher was riddled with errors in Count IV. The drug amounts were incorrect. It listed the heading for Count IV as "Distribute opiate, opium, narcotic, certain stimulant; > 1 kilogram." But it is undisputed that for Count IV, Fulcher distributed 8.58 grams of methamphetamine within 1,000 feet of a school. The text of Count IV further erred by alleging that Fulcher distributed "3.5g – 00g." That error likely should have read "3.5g – 100g," so may have been a typo.

The complaint's reference to the controlling subsections of the statute was also incorrect. It stated the basis of the complaint as "K.S.A. 21-5705(a)(1) and (d)(1)(B), Cultivation, Distribution or Possession with Intent to Distribute a Controlled Substance." But the controlled substance that Fulcher distributed was methamphetamine, a drug usually controlled by a more specific penalty subsection that carries a greater severity level—K.S.A. 21-5705(d)(3)(C).

As a result, the penalty stated in the complaint was also incorrect. It said a conviction for Count IV carried a sentence of "a minimum of 138 months to a maximum of 204 months in prison and a fine of up to $500,000; [and a] Postrelease supervision term of 36 months." These amounts were calculated as though Fulcher's crime were a drug severity level 1 felony, as the complaint alleged. But under the statutory subsections cited in Count IV (K.S.A. 21-5705[a][1] and [d][1][B]), Fulcher's crime could not have reached that severity level.

The complaint also incorporates, without citing a statutory basis, an enhancement to the penalty. The text in Count IV detailed that Fulcher had distributed the methamphetamine within 1,000 feet of school property, yet the complaint did not cite the statutory subsection for this 1-level enhancement. Still, Fulcher does not contest the 1-level school enhancement to his sentence.

To counter these errors, the State contends that Fulcher stipulated to the facts in the complaint which establish that he distributed more than 3.5 grams of methamphetamine under K.S.A. 21-5705(d)(3)(C), a level 2 felony. The language of (d)(3)(C) creates a special classification for distribution of heroin or methamphetamines:

> "Violation of subsection (a) with respect to material containing any quantity of heroin, as defined by subsection (c)(1) of K.S.A. 65-4105, and amendments thereto, or methamphetamine, as defined by subsection (d)(3) or (f)(1) of K.S.A. 65-4107, and amendments thereto, or an analog thereof, is a: . . . drug severity level 2 felony if the quantity of the material was at least 3.5 grams but less than 100 grams." K.S.A. 21-5705(d)(3)(C).

The State contends that the severity level 2 under this statute, plus the 1-level school enhancement under K.S.A. 21-5705(d)(5) (which Fulcher does not oppose), means Fulcher's sentence for a level 1 felony is proper.

But despite the potential applicability of K.S.A. 21-5705(d)(3)(C), Fulcher's complaint failed to cite that subsection in Count IV. Instead, it cited the relevant subsection for the primary charge as K.S.A. 21-5705(d)(1)(B). That subsection provides that a conviction for opiates or other narcotics is a "drug severity level 3 felony if the quantity of the material was at least 3.5 grams but less than 100 grams." K.S.A. 21-5705(d)(l)(B). And when we add to that the 1-level school enhancement under K.S.A. 21-5705(d)(5), Fulcher's sentence cannot exceed a level 2 felony.

True, the undisputed facts establish that Fulcher distributed greater than 3.5 grams but less than 100 grams of methamphetamine. And because the drug that Fulcher distributed was methamphetamine, the State likely should have charged Fulcher under (d)(3)(C), a level 2 felony, as that is a more specific subsection than the subsection the State charged Fulcher with violating. But the State did not do so.

And as noted in Fulcher's brief, the State is bound by the words of its charging document. *State v. McClelland*, 301 Kan. 815, 828, 347 P.3d 211 (2015). Criminal prosecutions depend on the charging document which "sets the outer limits of the conviction or convictions that can result." *State v. Fitzgerald*, 308 Kan. 659, 666, 423 P.3d 497 (2018) (citing *State v. Ward*, 307 Kan. 245, 259-60, 408 P.3d 954 [2018]). The charging document here shows that Fulcher's sentence cannot exceed a level 2 felony.

*The Journal Entry's errors are not scrivener's errors.*

Other documents in this case, including the presentence investigation report and the journal entry, adopted the statutory errors from the State's complaint. In fact, because of errors in the complaint, key portions of the journal entry are inaccurate in nearly every aspect.

7

- The name of the primary offense of conviction in the Journal Entry of Judgment listed Fulcher's crime as "Distribut[ing] Opiates/Opium/Narc Drug & Certain Stimulants > 1 kilogram"—even though the facts show that Fulcher did not distribute more than 1 kilogram of drugs;

- the district court in the Journal Entry added "Methamphetamines" as the name of the drug, but wrongly listed the amount as "1 kilo";

- for the statute violated, the district court again adopted the language of the complaint: "21-5705(a)91) [*sic*] & (d)(1)(B)," (a level 3 offense), but it listed the grade of offense as a severity level "1D"; and

- the district court did not check the box for the offense taking place within 1,000 feet of a school.

The State contends that the errors in the journal entry are mere scrivener's errors that the district court could amend through a nunc pro tunc order. True, the relevant statute—K.S.A. 22-3504(2)—provides that clerical mistakes in judgments, orders, or other parts of the record and errors in the record that have arisen from oversight or omission can be corrected at any time and after notice as the court orders. "Clerical mistakes include, 'typographical errors, incorrect statute numbers, failure to include the statute number, failure to state additional true matter, formal or clerical errors and entries concerning matters of procedure' and are correctable by nunc pro tunc orders." *State v. Bailey*, 306 Kan. 393, 398, 394 P.3d 831 (2017).

But as the statute directs, a court should use nunc pro tunc orders only to correct arithmetic or clerical errors, including "incorrect statute numbers" in a journal entry that arise from an oversight or omission. *State v. Turner*, 317 Kan. 111, 116, 525 P.3d 326 (2023). Yet we are not persuaded that these errors are clerical mistakes; the statute cited in the journal entry matches the statute cited by the State in its complaint. And the journal entry accurately reflects the sentence pronounced at the hearing, which, in turn, relied on

8

the inaccurate statutory information provided in the State's complaint. And the State does not argue that the citation in the complaint resulted from clerical or arithmetical errors.

Instead, the errors here are different in kind than those we consider to be scrivener's errors. See, e.g., *State v. Loeffler*, No. 117,782, 2018 WL 3595986, at *1 (Kan. App. 2018) (unpublished opinion) (permitting court at sentencing to correct State's unintentional typographical error in its charging document when it cited subsection K.S.A. 2017 Supp. 21-5705[a][4] instead of subsection K.S.A. 2017 Supp. 21-5705[a][1]); *State v. Osterloh*, No. 100,577, 2010 WL 445670, at *4-5 (Kan. App. 2010) (unpublished opinion) (finding no illegal sentence when incorrect citation to misdemeanor offense of K.S.A. 21-3608[a][1] instead of felony offense of K.S.A. 21-3608a[a][1] in complaint and journal entries was technical error not affirmatively prejudicing defendant's substantial rights); *State v. Gaines*, No. 89,897, 2004 WL 421974, at *1 (Kan. App. 2004) (unpublished opinion) (finding no prejudicial error at sentencing when complaint erroneously charged defendant under K.S.A. 75-5205, but should have cited K.S.A. 75-5202).

Unlike in the cases above, here the inclusion of K.S.A. 21-5705(d)(1)(B) in the complaint was no mere slip of the pen. K.S.A. 21-5705(d)(3)(C) bears no alpha or numerical resemblance to that citation. And not until its brief on appeal did the State suggest that Fulcher had violated K.S.A. 21-5705(d)(3)(C), the subsection of the statute with the greater severity level. Nor does the State offer another good reason for citing one statutory subsection in the complaint but sentencing based on another subsection which imposes a greater penalty on the defendant. Based on our plain reading of the complaint and journal entry, our review of the conduct of the plea hearing, the sentencing hearing, and the district court's findings throughout the proceedings, it is not apparent that Fulcher was convicted under a subsection that was not cited in the complaint or at any time before his appeal (K.S.A. 21-5705[d][3][C]).

Fulcher was illegally sentenced in accordance with a severity level 1 felony. A sentence is effective when pronounced from the bench. *State v. Weekes*, 308 Kan. 1245, 1249, 427 P.3d 861 (2018). The statutory subsection cited by the district court at Fulcher's sentencing hearing was the same as the subsection in the complaint, K.S.A. 21-5705(d)(1)(B). Because the district court sentenced Fulcher under that subsection, that subsection controls the legality of Fulcher's sentence. A conviction under K.S.A. 21-5705(d)(1)(B) with the 1-level school enhancement and Fulcher's criminal history is a level 2 severity crime that carries a sentence of 122, 130, or 137 months—not the 176 months the district court sentenced Fulcher to. K.S.A. 21-6805(a).

*Fulcher's plea to a level 1 felony does not defeat his illegal sentence motion.*

Lastly, the State argues that Fulcher's sentence cannot be illegal because he pleaded to a level 1 felony. But because errors permeate the complaint and the State recited no factual basis for the plea at the plea hearing, it is difficult to tell what Fulcher pleaded to by his stipulating to the facts in the complaint. A factual basis for the plea means the court is presented with evidence that *the defendant's conduct* falls within the elements of the charged crime. *State v. Ebaben*, 294 Kan. 807, 816, 281 P.3d 129 (2012). Those facts may arise by a complaint given or read to the defendant which sets forth the factual details and essential elements of the crime charged. 294 Kan. at 813. Here, the district court asked Fulcher's attorney:

> "The Court: [Defense counsel], does your client stipulate to the factual basis of these charges?
> "[Fulcher]: Yes, Your Honor.
> "The Court:  Court will accept the Defendant's stipulation to a factual basis as well the Court has taken judicial notice of the file which includes the Complaint and the Probable Cause Affidavit. Based on the information before the Court, I am going to make a finding there is a factual basis for your plea."

10

But because of the errors in the complaint and because the district court relied in part on its file in finding a factual basis for the plea, we cannot tell what Fulcher pleaded to. We are not persuaded that Fulcher agreed that he distributed over 1 kilogram of methamphetamine. The record shows that he consistently disagreed with that amount.

Relatedly, a party cannot be bound to an illegal sentence through the invited error doctrine. *State v. Lehman*, 308 Kan. 1089, 1093, 427 P.3d 840 (2018). A court may correct an illegal sentence regardless of whether one or more parties may have had a hand in arriving at the illegality. 308 Kan. at 1093. Therefore, even though Fulcher pleaded to a level 1 felony, because the complaint supports a sentence for only a level 2 felony, his sentence to a level greater than 2 is illegal.

True, as the State contends, the complaint alleged Fulcher committed "a drug severity level 1 felony." But as *Ebaben* explains, the factual basis for a plea based on a complaint must sets forth the factual details and essential elements of the crime. 294 Kan. at 813-14. The penalty section is not traditionally considered part of the factual basis for a defendant's plea. Still, if we use the State's logic, Fulcher also pleaded to violating "K.S.A. 21-5705(a)(1) and (d)(1)(B)," as stated in Count IV of the complaint, and those subsections warrant a lesser drug severity level than Fulcher was sentenced to.

*Conclusion*

The applicable statutory provision cited by the State in its complaint and relied upon by the district court in sentencing Fulcher was for a level 3 felony, plus a 1-level enhancement for occurring within 1,000 feet of school property. As a result, Fulcher's subsequent sentence to 176 months for a level 1 felony constitutes an illegal sentence under K.S.A. 22-3504. We reverse the district court's ruling on Fulcher's motion to correct an illegal sentence and remand for resentencing on Count IV.

This ruling makes it unnecessary for us to address Fulcher's alternative argument that the district court erred by denying his motion to withdraw his plea.

Reversed and remanded for resentencing.