NOT DESIGNATED FOR PUBLICATION

No. 127,631

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

RUSSELL BRITT,
*Appellant*.

MEMORANDUM OPINION

Appeal from Cloud District Court; KIM W. CUDNEY, judge. Submitted without oral argument. Opinion filed September 19, 2025. Reversed and remanded.

*James M. Latta*, of Kansas Appellate Defender Office, for appellant.

No appearance by appellee.

Before COBLE, P.J., ISHERWOOD and HURST, JJ.

PER CURIAM:  After taking a pickup and other smaller items from an acquaintance's home, Russell Britt pleaded no contest to felony theft and burglary of a motor vehicle. On the felony theft offense, the district court sentenced Britt to the standard 32 months for a severity level 7 felony under K.S.A. 21-5801(b)(2). But, as Britt now argues on appeal, the charging document and plea hearing contained inconsistencies which call his plea and conviction into question. On our review of the record, we find the district court erroneously accepted Britt's plea on Count 2 without a factual basis to support the severity level 7 felony theft offense. For this reason, we reverse Britt's conviction on Count 2 and remand this case for a new plea hearing.

1

In July 2022, the State charged Britt with six counts of theft-related crimes for entering the residence of an acquaintance without authority and removing property without consent, including a 2017 Ford F-150 Raptor pickup. The State later amended the charges to include aggravated burglary (Count 1), felony theft (Count 2), two counts of burglary of a motor vehicle (Count 3 and 4), and two counts of misdemeanor theft (Counts 5 and 6). The Amended Information recited as follows on Count 2, specifically:

> "That on or about the 14th day of July, 2022, in the County of Cloud, State of Kansas, Defendant unlawfully, feloniously, knowingly, and willfully obtained and exerted unauthorized control over property, to-wit: 2017 Ford F-150 Raptor, in which another, [the victim], has an interest, without the consent of said owner, and with the intent to permanently deprive the owner of the possession, use, or benefit of the same, *of a value of more than $1,500.00*, in violation of *K.S.A. 21.5801.a.1.b2*, Theft, a *Level 7 Nonperson Felony*." (Emphases added.)

Britt later entered into an agreement with the State to plead no contest to Count 2, felony theft under K.S.A. 21-5801(a)(1) and (b)(2), and one count of burglary of a motor vehicle under K.S.A. 21-5807(a)(3) and (c)(1)(A)(iii), Count 3. In exchange, the State agreed to dismiss the remaining counts. The plea agreement did not set forth any factual basis for the charges and only recited the statutory references for the two counts referenced in the agreement:

> "1.  The Defendant hereby agrees to enter a plea of no contest to the following:
>    a.  Count 2:  Theft, *level 7* Nonperson Felony, in violation of K.S.A. 21-5801.*a.1.b2*
>    a.  Count 3:  Burglary of a motor vehicle, Level 9 nonperson felony in violation of K.S.A. 21-5807.a3.c1.A3." (Emphases added.)

During the plea hearing, the district court verified that Britt read and reviewed the agreement with his counsel, understood the terms of the plea agreement, and voluntarily

entered the plea. The court notified Britt of the maximum sentence he was facing for each of the charges, including the maximum penalties for a level 7 nonperson felony on Count 2. At the plea hearing, the extent of the prosecutor's proffer of evidence on Count 2 included that the victim would testify that the truck Britt stole had a value of "well in excess of $1,500"; in fact, it was "in the tens of thousands of dollars for the value of that truck." The district court accepted Britt's no contest plea and found him guilty of both charges.

At sentencing, the district court announced that the "primary offense is theft," a "[l]evel seven nonperson felony." Both parties agreed to the district court's finding that Britt's criminal history score for the theft conviction was A. Britt requested that the court impose a mitigated sentence of 30 months on the theft count—which corresponded to the court's recitation of potential penalties based on the severity level 7 sentencing grid box—and run the sentences concurrent. See K.S.A. 21-6804(a) (sentencing grid for nondrug crimes). The State argued for an aggravated sentence. The district court imposed the standard 32-month prison sentence for a severity level 7 felony and a 6-month prison sentence for the burglary of a motor vehicle to run consecutive to each other.

Britt timely appeals his sentence.

ANALYSIS

The sole issue Britt raises on appeal is the legality of his sentence on Count 2, the felony theft. Britt argues that his sentence is illegal because he was sentenced based on the statute, a severity level 7 crime, cited by the State in the information, but not the written description of a lower level, severity level 9 offense described in the information and recited at the plea hearing. These discrepancies are explained in more detail below. Overall, Britt claims the written description of his charge should govern when it does not align with the statutory citation and the severity level of the crime.

3

*Legal Principles*

We recognize that generally, K.S.A. 21-6820(c) provides that an appellate court shall not review on appeal a sentence for a felony committed after July 1, 1993, that is (1) within the presumptive revised Kansas Sentencing Guidelines Act sentence for the crime, or (2) the result of a plea agreement between the State and the defendant which the district court approved on the record. See *State v. Albano*, 313 Kan. 638, 640, 487 P.3d 750 (2021) (appellate court ordinarily lacks jurisdiction to review presumptive sentences); *State v. Quested*, 302 Kan. 262, 264, 352 P.3d 553 (2015) (no jurisdiction to review sentences agreed to and approved by the sentencing court). But a defendant may challenge the imposed sentence by arguing the sentencing court erred in ranking the severity level of the crime upon which the sentence is based, which is essentially what Britt attempts here. K.S.A. 21-6820(e)(3).

Also, a district court may correct an illegal sentence at any time while the defendant is serving the sentence. K.S.A. 22-3504(a). Whether a sentence is illegal within the meaning of K.S.A. 22-3504 is a question of law over which the appellate court has unlimited review. *State v. Mitchell*, 315 Kan. 156, 158, 505 P.3d 739 (2022). An illegal sentence is defined as a sentence that:  (1) is imposed by a court without jurisdiction; (2) does not conform to the applicable statutory provisions, either in character or the term of punishment; or (3) is ambiguous about the time and manner in which it is to be served. K.S.A. 22-3504(c)(1). "The illegal sentence statute is one of specific and limited application. [Citation omitted.]" *Mitchell*, 315 Kan. at 159.

Britt admits he raises this issue for the first time on appeal. But the correction of a sentence under K.S.A. 22-3504(a) allows a defendant's challenge to a sentence for the first time on appeal. *State v. Hambright*, 310 Kan. 408, 411, 447 P.3d 972 (2019). Britt does not suggest that the district court lacked jurisdiction to impose the sentence or that the time and manner of his sentence is ambiguous. Because he argues that the sentence

imposed on him for a level 7 offense does not reflect the State's charge against him, he asks us to consider whether his sentence does not conform to the applicable statutory provisions, either in character or the term of punishment.

*The district court erred in another way.*

As noted above, Britt contends that the written description in the information does not correlate to the statutory citation in the information, and as a result it is unclear exactly with which statutory provision the State charged him. Not only was his charge unclear, but the description of the charge in the plea agreement contains only the statute cited in the information but no factual statement or description. The prosecution's factual recitation at the plea hearing did not provide clarification, and so he contends his plea was ambiguous, as it is unclear to which level of felony he pleaded no contest. Claiming any ambiguity should be resolved in his favor, Britt asserts that he pleaded to a severity level 9 felony theft under K.S.A. 21-5801(b)(3), not a severity level 7 felony under K.S.A. 21-5801(b)(2) as the charging document cited.

Upon careful inspection of the record, we see that this case is riddled with irregularities. At the outset, Count 2 of the information recited:

> "That on or about the 14th day of July, 2022, in the County of Cloud, State of Kansas, Defendant unlawfully, feloniously, knowingly, and willfully obtained and exerted unauthorized control over property, to wit: 2017 Ford F-150 Raptor, in which another, [the victim], has an interest, without the consent of said owner, and with the intent to permanently deprive the owner of the possession, use, or benefit of the same, of a value of *more than $1,500.00*, in violation of *K.S.A. 21.5801.a.1.b2, Theft, a Level 7 Nonperson Felony*." (Emphases added.)

But the statutory citation following the written description does not precisely coincide with the dollar amount alleged by the State. The statute cited in Count 2 of the information, K.S.A. 21-5801, states in pertinent part:

"(a) Theft is any of the following acts done with intent to permanently deprive the owner of the possession, use or benefit of the owner's property or services:

(1) Obtaining or exerting unauthorized control over property or services;

. . . .

"(b) Theft of:

(1) Property or services of the value of $100,000 or more is a severity level 5, nonperson felony;

(2) property or services of the *value of at least $25,000 but less than $100,000* is a *severity level 7*, nonperson felony;

(3) property or services of the *value of at least $1,500 but less than $25,000* is a *severity level 9*, nonperson felony." (Emphases added.)

In comparing the description contained in the information ("value of more than $1,500") and the cited statute, K.S.A. 21-5801(b)(2), we see that the property values alleged in the information and quoted in K.S.A. 21-5801(b)(2) do not align. The State specifically claimed the value of the truck Britt stole was worth "more than $1,500." This language does not correlate with the provision of the cited statute, K.S.A. 21-5801(b)(2), which requires the value of the stolen property to be "at least $25,000."

While it is true that property worth "at least $25,000 but less than $100,000" would also, by definition, be valued at "more than $1,500," the State's use of the words "more than" with a specific dollar amount creates confusion in this context, given the clear categories of offenses spelled out in K.S.A. 21-5801(b). The words "more than" do not appear in any of the provisions for felony theft; instead, the ranges of value outlined in the statute include the words "less than." But the specific dollar value the State recites—$1,500—is included only in the lesser-included offense, K.S.A. 21-5801(b)(3),

6

which requires the value of the stolen property to be "at least $1,500." So, there exists an incompatibility between the written description of the felony theft charge and the statutory reference in the information.

This discrepancy was not repeated in the plea agreement that Britt signed, as the agreement recited only the theft statute itself: "Count 2: Theft, level 7 Nonperson Felony, in violation of K.S.A. 21-5801.a.1.b2." No description of the charge was included in the agreement.

But during the plea hearing, the district court also confused the issues—directly in line with the charging document—stating, "[T]he State has charged that you committed the offense of theft, a level [7] nonperson felony. That means it was a value of over more than $1,500." As a factual basis for Britt's plea, the State's entire proffer related to the value of the truck and said the victim "would testify that the truck . . . had a value . . . well in excess of $1,500." The prosecutor went on to say, "[I]t was . . . in the tens of thousands of dollars for the value of that truck."

Unfortunately, this factual basis proffered by the prosecution does not clarify matters. "[W]ell in excess of $1,500" is imprecise—the phrase could mean the truck's value was $10,000, $30,000 or $150,000—each of which would constitute a different severity level crime under K.S.A. 21-5801(b)(1)-(3). Likewise, "tens of thousands of dollars" could mean $10,000 or $50,000. With K.S.A. 21-5801(b)(2) having a threshold value of "at least $25,000 but less than $100,000," but subsection (b)(3) of the same statute having a threshold value of "at least $1,500 but less than $25,000," it is easy to see why the precise value of the stolen truck was necessary. The importance lies in the severity level of the two crimes—the higher the value of the truck, the more severe the crime (level 7 versus level 9).

7

Britt is correct that generally, the State is bound by the wording of the charging document and it controls the prosecution by setting a boundary for the convictions that can result. He relies on our Supreme Court's ruling in *State v. Wright*, 221 Kan. 132, 140, 557 P.2d 1267 (1976), to support his argument that the written description governs when there is a discrepancy with the statutory citation of the crime charged.

In *Wright*, the appellant contended that a typographical error in the information violated his due process rights because it did not match the statutory reference of the crime charged in the information and the journal entry of judgment. The court found the description of the charge in the information was properly drafted in the language of the actual statutes correlating to the charge, despite the technical error of citing to a different statute. 221 Kan. at 140. The court found that appellant's contention lacked merit and held that an error in the citation was not grounds for reversal of a conviction if the error did not prejudice the defendant, citing K.S.A. 22-3201(b). 221 Kan. at 140. The court did not go so far as to determine that a written description of the charge in the information must necessarily govern when the descriptive language is at odds with the statutory citation. Britt's argument, relying on *Wright*, is too broad.

The fundamental purpose of a charging document is to provide a defendant notice and inform a defendant of the charge against them, so that they may prepare a defense. *State v. Dunn*, 304 Kan. 773, 804, 814, 375 P.3d 332 (2016). When determining whether a charging document is sufficient on the basis that the description of the charge and the cited statute do not match in the charging document, the resolution involves comparing the Legislature's definition of the crime charged to the State's factual allegations. *State v. Sayler*, 306 Kan. 1279, 1283, 404 P.3d 333 (2017). The appellate court then decides whether the factual allegations, if proved beyond a reasonable doubt, would justify a guilty verdict. If they do, then the charging document is considered statutorily sufficient. 306 Kan. at 1283. Here, Britt does not directly challenge the sufficiency of the charging document to uphold his conviction, but this rationale is still somewhat instructive.

The reason this is somewhat instructive is the concept of whether the factual allegations presented in the case would justify a guilty verdict. In this thread, we find a different type of error in what occurred here—one which Britt conveniently ignores. Although he focuses on the alleged illegality of his sentence, which may purportedly result in a corrected sentence on the lower-level crime, he overlooks the basic legal requirements of a plea hearing. A district court may only accept a plea of guilty or *nolo contendere* when "the court is satisfied that there is a factual basis for the plea." K.S.A. 22-3210(a)(4). That is, evidence must be presented to the district court demonstrating the defendant's conduct falls within the charge to which the defendant pleaded. See *State v. Ebaben*, 294 Kan. 807, 815, 281 P.3d 129 (2012).

Britt does not raise this argument—most likely for good reason, because it results in a new plea hearing rather than resentencing to a lesser crime. And as an appellate court, we generally refrain from raising arguments sua sponte. *State v. Laborde*, 303 Kan. 1, 7, 360 P.3d 1080 (2015) ("As a general rule, unless there are exceptional circumstances, appellate courts do not consider issues on appeal that were not raised by the parties."), *overruled on other grounds by Balbirnie v. State*, 311 Kan. 893, 468 P.3d 334 (2020). But under these unusual circumstances, the record before us is quite clear, and no additional information is necessary to make a legal determination under these facts. Additional briefing from the parties is likewise inessential, given the clarity of the record. These circumstances are sufficiently exceptional to justify our review. See *Rhoten v. Dickson*, 290 Kan. 92, 117, 223 P.3d 786 (2010) (an appellate court could consider an issue the parties failed to raise if necessary to serve the ends of justice), *overruled on other grounds by Herington v. City of Wichita*, 314 Kan. 447, 500 P.3d 1168 (2021); *State v. Albright*, 273 Kan. 811, 827, 46 P.3d 1167 (2002) (where the asserted error involves a strictly legal question that will be determinative of the case).

Our Supreme Court held in *State v. Donesay*, 265 Kan. 60, 81-82, 959 P.2d 862 (1998), that, "absent a valid reason, a district court should accept a guilty plea when (1)

the requirements of K.S.A. 22-3210 are satisfied and (2) the defendant admits the truth of the charge and every material fact alleged in it." *State v. Mattox*, 305 Kan. 1015, 1031, 390 P.3d 514 (2017). But unlike *Donesay*, Britt's no contest plea did not require him to admit the truth of the charge. "While a guilty plea is an 'admission of the truth of the charge and every material fact alleged therein,' a no contest plea is a 'formal declaration that the defendant does not contest the charge.'" *Mattox*, 305 Kan. at 1031 (citing K.S.A. 22-3209[1]-[2]). As a result, the district court should only "accept a no contest plea when (1) K.S.A. 22-3210's requirements are met and (2) the defendant does not contest the charge." *Mattox*, 305 Kan. at 1031.

Britt did not contest the charge at the plea hearing. But in our careful review, we find that the district court did not ensure all requirements of K.S.A. 22-3210 were met, because subsection (a)(4) of the statute requires a factual basis for the plea.

The acceptance of a no contest plea is reviewed for abuse of discretion. See *Mattox*, 305 Kan. at 1029. "'A district court abuses its discretion if its decision is (1) arbitrary, fanciful, or unreasonable; (2) based on an error of law; or (3) based on an error of fact.'" 305 Kan. at 1029-30. If a district court fails to fulfill its duty under K.S.A. 22-3210(a)(4), as a matter of law the district court then has no basis to find a plea was fairly and understandingly made, and accordingly, abuses its discretion. See *Ebaben*, 294 Kan. at 816.

This is precisely the situation with which we are faced. Here, although Count 2 of the information, the plea agreement, and the district court's journal entry all cited K.S.A. 21-5801(b)(2), the State presented no evidence at the plea hearing that the stolen truck's value was at least $25,000 to support the district court's finding. The State only proffered that the truck was worth "in excess of $1,500," and claimed the value of the truck to be "in the tens of thousands of dollars." As explained above, tens of thousands of dollars may indeed exceed $25,000, but it may not, and the State was required to provide a

statement of the evidence showing Britt's conduct fell within the charge to which he pleaded. See *Ebaben*, 294 Kan. at 816. "K.S.A. 22-3210(a)(4)'s purpose of ensuring that a plea is knowingly and voluntarily entered is defeated if the district court is presented with no evidence to establish the defendant's conduct falls within the elements of the charged crime." 294 Kan. at 816.

The State did not submit a brief on appeal and has consequently abandoned any arguments on the matter. *State v. Davis*, 313 Kan. 244, 248, 485 P.3d 174 (2021) (issue not briefed is deemed waived or abandoned). Finding the district court erred because it did not establish a factual basis for Britt's plea, we reverse his conviction on Count 2, felony theft and remand to the district court for a new plea hearing on that charge.

Reversed and remanded.